We will not indulge in inferences in that respect.

In stating the different grounds, we have already mentioned that it is charged that the witnesses for the state were paid.

The scope of this ground is broad and far-reaching, but it is not sustained before us by proof.

We infer that some of the witnesses were paid as agents or employés to collect facts regarding the asserted violation of the laws against prohibition, which is enforced in the parish of Calcasieu.

As there is no proof upon the subject, there is no merit in the point. It was for that court to determine whether or not these employés were creditable.

The asserted failure on the part of the court to consider the evidence on the alleged alibi is not here a serious ground of defense.

It is decidedly advisable, in the geographical subdivisions of the state that have pronounced against the sale of intoxicants, to abide by the rule adopted by the majority.

The decision in this case to the extent that the questions are before us for review does not show in what respect the court has erred. The defendant then will have to suffer the sentence imposed.

The judgment is therefore affirmed.

———

(55 South. 769.)

No. 18,909.

STATE v. WILLIAMS.

(June 15, 1911.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 519*) — CONFESSION — ADMISSIBILITY.

An exhortation to the accused by a private person to tell the truth about a homicide and the perpetrators thereof, coupled with a statement that his "conscience would be the easier" if he told the truth, cannot exclude a confession then and there made, preceded by a declaration by the accused that he was tired of lying and wanted to tell the truth.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1163–1174; Dec. Dig. § 519.*]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Tim Williams was convicted of murder, and appeals. Affirmed.

Thomas B. Beale, for appellant. Walter Guion, Atty. Gen., and Charles A. Holcombe, Dist. Atty. (G. A. Gondran, of counsel), for the State.

LAND, J. The accused was indicted for the murder of one Ingram Collette, and was tried, found guilty as charged, and sentenced to be hanged. The accused has appealed, and relies for reversal on a bill of exception taken to the admission of a certain confession of the accused made to Mr. Joseph L. Young, a private citizen, in the parish jail. Other parties were in jail charged with the commission of the same offense. Young did not think that the accused was guilty, but knew who had perpetrated the crime. Some of Young's friends believed that the accused was guilty, and at their suggestion he went to the parish jail for the purpose of having a talk with the accused. Young's version of the interview may be best expressed by the following extracts from his testimony:

"A. Well, the only thing I said to him at all was that I wanted to know who did it. I didn't think he did it, but thought he knew who did do it. I told him it wasn't any use lying about it, and he ought to tell. His answer was: 'Well, I'll tell you the truth.'

"A. I told him: 'Tim, I want you to tell me the truth about this affair. There is no use of your lying about it and implicating everybody. I believe you know about it, and who did it. Tell the truth about it, and your conscience will be easier.' * * * He said he was tired of lying and wanted to tell the truth."

"After this confession, he made another in presence of Mr. Ed. Kennedy, myself, and Leon Wolf. This second was merely a recital of what he had stated."

The confession is not set forth in the bill, but it appears from the notes of evidence that the accused showed Young how the deceased was standing when the accused shot him. It is also shown by the evidence that no promise, threat, inducement, or hope of reward was held out to the accused to obtain a confession.

It is well settled that a confession will not be excluded where there is a mere exhortation or adjuration to speak the truth. Where an exhortation is accompanied with an expression that it would be better for the accused to speak the truth, the authorities are divided. 12 Cyc. 467 and 468. In State v. Alphonse, 34 La. Ann. 9, and State v. Meekins, 41 La. Ann. 543, 6 South. 822, it was held that such an expression did not imply a promise or a threat. In State v. Alexander, 109 La. 557, 33 South. 600, it was held otherwise under a different state of facts.

The true test seems to be:

"Was the inducement of a nature calculated, under the circumstances, to induce a confession, irrespective of its truth or falsity?" Wigmore, Evidence, vol. 1, § 832.

In the case at bar the only inducement held out was the statement:

"Your conscience will be the easier."

This was not an implied promise of any worldly advantage or benefit to the accused. In response to the appeal to his conscience, the accused replied that he was tired of lying and wanted to tell the truth. Others had been implicated by the accused and were incarcerated in the same jail. These falsely accused persons, we presume, were released after the confession of the accused. It has been held that:

"An appeal to a man's religious feelings, which induces him to confess his guilt, does not invalidate his confession, as such a consideration is not likely to render his confession false." 12 Cyc. 469.

An appeal to a man's conscience to speak the truth stands on the same footing. It has been held that to say to an accused that "an honest confession is good for the soul" will not suffice to exclude the confession. Matthews v. State, 9 Lea (Tenn.) 128, 42 Am. Rep. 667. In the case at bar the accused was not asked to confess, but to tell the truth and ease his conscience.

We are constrained to affirm the sentence, and it is so ordered.