PER CURIAM.
By Bill of Information, the State charged L. C. Hamilton with aggravated criminal damage to property in violation of La.R.S. 14:55. After trial, the jury returned a verdict of guilty. The judge sentenced the defendant to a term of nine (9) years in the Louisiana State Penitentiary.[1]
The defendant has appealed, relying upon seven bills of exceptions reserved in the trial court. The first two bills raise the identical issues of whether or not the defendant’s motions to quash thé petit jury venire and for a change of venue were erroneously overruled as was presented and decided in State v. J. C. Curry, 262 La. 280, 263 So.2d 36, May 18, 1972. For the reasons there set forth, we find no error.
Bills of exceptions Nos. 3 and 4 attacking the constitutionality of state statute, La.C.Cr.P. Art. 627, and the denial of defendant’s motion for the production and inspection of Grand Jury minutes, respectively, also raise identical issues as were presented and decided in State v. Willie Clyde “Hoghead” Curry, 262 La. 616, 264 So.2d 583, this day handed down. For the reasons there set forth, we likewise find no error.
In his bill of exceptions No. 5, the defendant alleged the trial judge violated his rights of equal protection and due process, as guaranteed to him by the Fourteenth Amendment to the United States Constitution by not immediately calling all the witnesses in the case and placing them under the rule pursuant La.C.Cr.P. Art. 764. All the potential witnesses were not present in the courtroom at the time the request was made by defense counsel, consequently could not be so instructed then and there.
This bill appears frivolous. The trial judge has the authority, under La.C.Cr.P. Art. 764 to “modify its order in the interest of justice.” This Court held in State v. Raymond, 258 La. 1, 245 So.2d 335 (1971) that any “modification of order excluding witnesses from courtroom will not be disturbed on appeal in absence of abuse of discretion.” The trial judge did say he would place all the witnesses under the rule as soon as they appear, and that none would be allowed in the courtroom to hear any of the proceedings. As the defendant did not present any evidence that he suffered any prejudice from this modification of invoking the rule, we find no abuse of discretion. La.C.Cr.P. Art. 764.
Bill of exceptions No. 6 taken by the defendant, argues that the trial court erred in demanding that both state and defense counsel agree to excusing venireman William Cockrell thus directly violating the *683 principles of La.C.Cr.P. Art. 799 which pertains to the number of peremptory challenges permitted each side.
After the counsel for both sides had questioned the prospective juror, the trial judge asked if both sides desired to excuse Mr. Cockrell who, by the way, was a member of the Haynesville City Police Department. Upon defense counsel’s refusal to mutually agree to Mr. Cockrell’s excusal, the State then said it would accept him. The defense then challenged the prospective juror for cause whereupon the trial court overruled the challenge, and as the defense had exhausted his peremptory challenges, ordered Mr. Cockrell sworn in.
The State’s brief cites State v. Jones, 175 La. 1014, 144 So. 899 (1932) as an analogous situation that has been before this Court, wherein we said, “ * * * We do not see how it could have been advantageous to the defendant to have Evans excluded from the jury by means of a challenge for cause, instead of having him excused by mutual consent. The district attorney had the right to withdraw his offer to have Evans excused by mutual consent from serving on the jury, after the defendant’s counsel had declined the offer and insisted upon their challenge for cause * * * ” As in that case, we can only reiterate that perhaps defense counsel thought more of the prospect of having a good bill of exceptions than they thought of excluding Mr. Cockrell from the jury. We find no merit to this bill. La.C.Cr.P. Art. 787.
Bill of exceptions No. 7 was reserved by the defendant when the State introduced into evidence a confession of the defendant alleging it had been induced by promises, and that the defendant was not advised of his constitutional rights against self-incrimination according to the guidelines espoused in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
In finding that the confession was voluntary, the trial court relied upon the testimony of Lieutenant Sherrill of the Louisiana State Police. According to him, Iiamilton was given the pre-interrogation warnings, in fact signed each of six pages of his statement. After hearing all the evidence, the trial judge determined that the Miranda warnings had been given and understood and that the defendant’s statements were not the product of coercion or any inducements. Such a factual determination by the trial judge is given great weight. It will not be disturbed on appeal unless it is clearly erroneous. State v. Vessel, 260 La. 301, 256 So.2d 96 (1971). We find no error here.
For the reasons assigned, the sentence and conviction are affirmed.
SUMMERS, J., concurs in result.

. The trial judge sentenced defendant to an additional 211 days, but gave him credit- on tlic sentence for the 211 days in custody prior to trial.