273 So.2d 282 (1973)
STATE of Louisiana
v.
Joe COATES.
No. 52913.
Supreme Court of Louisiana.
February 13, 1973.
Rehearing Denied March 8, 1973.
William F. Kline, Jr., Clinton, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Counsel to Atty. Gen., New Orleans, Leon A. Picou, Jr., Dist. Atty., W. Lee Overton, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Through habeas corpus proceedings the defendant, Joe Coates, was granted an out of time appeal from a conviction of Accessory After the Fact, La.R.S. 14:25, for which he was sentenced to serve five years in the state penitentiary. On this appeal, he relies upon three bills of exceptions reserved *283 and perfected during the proceedings to obtain a reversal.
Bills of Exceptions Nos. 1 and 2 embrace several objections made by defense counsel during the proceedings, all relating to essentially the same point, to wit: whether or not the trial court erred in admitting certain evidence where it was allegedly in violation of La.C.Cr.P. Art. 484 (Bill of Particulars) and 768 (Use of confession or inculpatory statement; notice to defendant prior to opening statement).
Here, the defendant concedes that the state did supply him with a written confession in answer to his Bill of Particulars and, in addition, was given, gratuitously[1], a summary of inculpatory statements at the start of the trial. It is asserted by defense counsel, however, that the state's omission (from the answer to the Bill of Particulars) of the existence of the oral statements later introduced into evidence, over objections, through the testimony of Deputies Mouffitt and Dousay, denied the defendant due process. Further, counsel contends that the state failed to give timely notice of its intention to use the written confession until some four hours after the trial was underway, in direct contravention of Article 768.
Upon hearing defense counsel's move for a continuance based on the state's tardy announcement of its intention to use the statement, the trial court immediately offered defense counsel an opportunity to testify as to the prejudice and surprise resulting therefrom. When counsel chose not to respond to the trial judge's question on the issue of surprise merely standing on what he contended were the absolute and inflexible provisions of Article 768, the trial judge properly concluded that the defense counsel was not surprised by the state's notice and no prejudice resulted. Neither was any claim made that the statements were not given voluntarily or that Miranda warnings were not adequate.
We are in accord with the trial court's Per Curiam which followed this Court's decision in State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970), that the circumstances connected with these bills, and the mandate given to us under La.C.Cr.P. Art. 921[2] constrain us to find that these bills are insubstantial.
Bill of Exceptions No. 3 addresses itself to allegedly inflammatory remarks in the state's rebuttal closing argument to the jury. Counsel objected to the following statement:
"I listened to Mr. Kline's argument, I want to compliment him on it, I think it was a very good argument sinceit sounds to me like what he is sayingthis Joe Coates is guilty all right, but it happened in East Baton Rouge Parish, Gentlemen, I want to tell you something. East Baton Rouge is not going to protect our citizens from depravation of these criminals that come into our parish from East Baton Rouge."
The basis of the defense objection was the reference "to the general opinion of East Baton Rouge Parish". In his brief, counsel argues that "To tell the jury East Baton Rouge would not protect East Feliciana (the domicile of the victim) citizens... is deemed inflammatory in contravention of Article 774."
As this Court reiterated in State v. Williams, La., 269 So.2d 232, 236 (1972) (1972, *284 Rehearing denied Dec. 11, 1972), citing State v. Dennis, 250 La. 125, 194 So.2d 720 (1967), "Under the jurisprudence of this Court, before a verdict approved by the judge is set aside on the ground of improper argument, this Court must be thoroughly convinced that the jury was influenced by the remarks, and that they contributed to the verdict * * *".
No showing has been made that the jury was influenced by the remarks of the state or that they contributed to the verdict. Further, where the defendant did not make known to the trial judge his desire for a cautionary instruction to the jury pursuant to La.C.Cr.P. arts. 770 and 771, we find no error.
We must conclude this bill of exceptions is without merit.
For the reasons assigned, the sentence and conviction are affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
The defendant was charged with and convicted of the crime of being an accessory after the fact. R.S. 14:25. His Bills of Exceptions Nos. 1 and 2 were reserved concerning the use of inculpatory statements and lack of proper notice of their use. The whole basis for his conviction as accessory after the fact was that he had lied about his knowledge of a principal when he gave a statement in East Baton Rouge Parish. There is not one scintilla of evidence that the defendant aided, abetted, concealed, or harbored the principal after the commission of the crime in any jurisdiction other than East Baton Rouge Parish. The evidence concerning falsification results solely from the inculpatory statements to which he objected. The defendant has a constitutional right to have his trial for the offense take place where the offense was committed. The defendant committed no offense in the jurisdiction of the Parish of East Feliciana. The statements were improperly introduced. The entire proceeding is null and void, in violation of the defendant's constitutional rights.
I respectfully dissent.
NOTES
[1] This Court has held the state is not required to produce oral inculpatory statements. La.C.Cr.P. Art. 703; State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).
[2] Article 921 provides: "A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."