302 So.2d 917 (1974)
STATE of Louisiana
v.
Doc Clinton McKINNEY.
No. 54864.
Supreme Court of Louisiana.
October 11, 1974.
Rehearing Denied November 27, 1974.
*918 Gerard F. Thomas, Jr., Natchitoches, Martin S. Sanders, Jr., Winnfield, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles B. Bice, Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant, Doc Clinton McKinney, was charged by bill of information with the offense of attempted first degree murder of a Winnfield City police officer on October 19, 1973. After a trial by jury, he was found guilty as charged and sentenced to serve twelve years at hard labor. On this appeal, defendant relies upon six bills of *919 exceptions for reversal of his conviction and sentence.

Bill 1
A motion to quash the general venire and the petit jury venire based on the systematic exclusion of women was filed by defendant, alleging a violation of his constitutional rights of due process and equal protection of the law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. In support of the motion, he advances the identical arguments rejected by this Court in State v. Stevenson, 292 So.2d 488 (La. 1974) and State v. Womack, 283 So.2d 708 (La.1973) and the numerous cases cited there. The motion was denied and this bill was reserved.
Article VII, Section 41, of the Constitution and Article 402 of the Code of Criminal Procedure provide that a woman shall not be selected for jury service unless she has previously filed with the clerk of court of the parish in which she resides a written declaration of her desire to be subject to jury service. For these reasons the jury commission placed no names of women on the jury venires. They were correct in doing so. Article VII, Section 41, of the Louisiana Constitution and Article 402 of the Code of Criminal Procedure violate no rights guaranteed by the United States Constitution.

Bill 2
This bill was reserved when, before selection of the jury and at the beginning of the trial, the name of Lavelle Brew, a woman, was removed from the general venire list and from the list of jurors ordered to report for trial. Because her name appeared to be a man's, the jury commissioners had mistakenly included it in the venire list. Having determined that it was a woman's name and she had not filed a declaration of her desire to serve as required by Article 402 of the Code of Criminal Procedure the judge ordered her name removed from the list. Counsel for the defense objected to the removal of her name and reserved this bill when his objection was overruled.
The language of Article 402 of the Code of Criminal Procedure is mandatory when it declares "A women shall not be selected for jury service ..." unless she has previously filed a declaration of her desire to serve. The judge had no discretion in the matter and correctly approved the removal of the woman's name. See State v. Snedecor, 294 So.2d 207 (La.1974).

Bill 3
The Twenty-Sixth Amendment to the United States Constitution lowering the voter qualification age to eighteen became effective July 7, 1971.
By Act 695 of 1972, effective July 26, 1972, Article 401 of the Code of Criminal Procedure was amended to reduce the age qualification for jury service from twenty-one to eighteen years of age.
It appears from this record that the list of registered voters in Winn parish was compiled in September 1972. The general jury venire from which the jury was drawn in the instant case was, in turn, compiled from this voter registration list.
During the interval from September 1972 until the jury was drawn in this case in January 1974, no names of new registrants were included on the jury venire although a supplemental list of registered voters was available. Defendant concludes from these circumstances that the general venire contained no names of persons eighteen to twenty years of age, and by reason thereof he was denied equal protection of the laws by the exclusion of this class from jury service.
According to the evidence, some registered voters in the eighteen to twenty year age group were included on the registration list from which the general venire was *920 selected. The Clerk of Court also testified that other than women, no one was intentionally excluded from the general venire. The trial judge ruled that there was no evidence in this case that citizens, between the ages of eighteen and twenty, qualified to serve as jurors were systematically, consciously and deliberately excluded from the grand or petit jury venire.
The Federal Eighth Circuit Court of Appeal was presented the problem of discrimination against eighteen-twenty year olds in United States v. Olson, 473 F.2d 686 (1973), cert, denied, 412 U.S. 905, 93 S.Ct. 2291, 36 L.Ed.2d 971. Insofar as pertinent here, the court in considering whether the subject age group was an identifiable community group, determined that it was not. In that court's opinion the subject age group was not substantially different in viewpoint from those persons immediately older. Hence it decided that the eighteen-twenty age group was not so identifiable that their exclusion would render the jury nonrepresentative of the community and violative of the Fifth and Sixth Amendments.
This determination coupled with the fact that defendant, who was forty-five years of age, was not a member of the group excluded persuades us that defendant's objection is without merit.

Bill 4
On voir dire examination of prospective jurors the trial judge refused to grant the defense challenge for cause of Donald Purser. The examination revealed that the assistant district attorney was engaged as attorney for the succession of the prospective juror's deceased father.
In his per curiam the trial judge observed that the succession was only a simple placing in possession and that the relationship of this employment of the assistant district attorney would not influence the prospective juror in arriving at a verdict.
Article 797 of the Code of Criminal Procedure does recognize as a ground for challenge for cause the relationship by employment between the juror and the district attorney if it is reasonable to conclude that it would influence the juror in arriving at a verdict. However, we need not decide that issue here. The defendant did not exhaust his peremptory challenges, and he cannot therefore complain of the ruling refusing to sustain his challenge for cause under the express terms of Article 800 of the Code of Criminal Procedure.

Bill 5
At the beginning of the trial defense counsel moved for and obtained an order of sequestration of witnesses. The minute entry records the event as follows: "The names of the witnesses were called and all were present or accounted for except R. T. Thomas and J. D. Garlington... All other witnesses were administered the oath and placed under the rule of court." (emphasis added).
While the State's witness Pattin was testifying as to what transpired on the night of the alleged offense between defendant and the police officer victim, Dunn, another State witness, walked into the courtroom. When Dunn was called to testify on behalf of the State immediately following, defense counsel objected to him testifying, arguing that Dunn had violated the rule of sequestration and should not be permitted to testify. The trial judge then instructed defense counsel to develop the facts for the record upon which he relied to support his contention that Dunn had violated the order of sequestration. When no evidence was produced to support the defense contention, the objection was overruled.
In his per curiam the trial judge pointed out that when the witnesses for the State and the defense were sequestered Dunn was not present. While Pattin was testifying, the judge was informed by the bailiff, and immediately instructed counsel, that Dunn was present in the courtroom. As soon as Dunn entered the courtroom the fact was brought to the judge's attention by the bailiff. Thus, the judge concluded, Dunn was not in the courtroom long *921 enough to hear any of the testimony of Fattin, or to ascertain what was going on in the courtroom.
Although defense counsel argues that Dunn was present when the order of sequestration was entered, he does not point to any record evidence of this fact. The quoted minute entry simply states that all witnesses were present or accounted for. In view of the per curiam, we take this to mean that the whereabouts of the witnesses who were not present were known or satisfactory explanation for their absence had been furnished. Dunn was, inferentially, among the absent witnesses and he was accounted for. This conclusion is further supported by a statement in the record to that effect by the State's attorney and by the inference which results from the failure of defense counsel to produce any evidence to the contrary other than his own statement. In the absence of evidence to the contrary, the finding of fact in the per curiam of the trial judge has always been accorded much weight on review in this Court. State v. Callihan, 257 La. 298, 242 So.2d 521 (1970); State v. Cardinale, 251 La. 827, 206 So.2d 510 (1968); State v. Young, 249 La. 1053, 193 So.2d 243 (1966); State v. Brown, 248 La. 520, 180 So.2d 410 (1965).
In view of these facts and considering the broad discretion vested in the trial judge by Article 764, even if Dunn had violated an order of sequestration he would not necessarily be disqualified from testifying. Although violation of such an order is contempt of court, the judge need not grant a new trial in every instance. Nothing in the facts of this case warrants a reversal of this conviction. State v. Hamilton, 262 La. 678, 264 So.2d 605 (1972); State v. Edwards, 257 La. 707, 243 So.2d 806 (1971); State v. Rouse, 256 La. 275, 236 So.2d 211 (1970).

Bill 6
This bill was taken to the trial judge's refusal to grant a new trial. According to defense counsel, while the court was in noon recess, defendant took a pain-killing drug and consumed an alcoholic beverage. As a result, when he returned to the witness stand after the noon recess his demeanor and speech were "different". And while he was being cross-examined by the district attorney, and during the course of an animated demonstration, he accidentally struck the district attorney. In essence the contention is that the circus-like, unresponsive and uncooperative attitude of the defendant in the presence of the jury was prejudicial and denied him a fair trial.
The trial judge was of the opinion that defendant did not appear to be intoxicated, and the trial record is barren of any evidence to support the defense contention. Defense counsel did not raise the issue at the time, waiting instead to belatedly urge the contention on a motion for a new trial.
For the reasons assigned, the conviction and sentence are affirmed.