SANDERS, Chief Justice.
The State charged Dale Watson and Lonzo Lanier with aggravated battery upon Deputy Dwayne Duhon. LSA-R.S. 14:34.
The facts are as follows:
On September 2, 1973, the defendant Lanier discovered that his stepson, Darrell Watson, was involved in an alcohol and narcotics party at a neighbor’s home in Lake Charles. Defendants Lanier and Watson proceeded to the neighbor’s house in order to get Darrell. After arriving at the neighbor’s home, the defendants became involved in an altercation with an undercover narcotics agent, Dwayne Du-hon. In the fracas, Duhon was beaten with a screwdriver, cartridge belt, a tire tool, and a “dumbchuck,” i. e., two sticks connected by a chain.
The defendants were tried and the jury found them guilty as charged. The trial judge sentenced the defendants to a term of six months in the Parish jail.
During the trial, defense counsel reserved two bills of exceptions. He relies upon these bills on this appeal.

Bill of Exceptions No. 1

Bill of Exceptions No. 1 was reserved to the admissibility of certain testimony presented by two of the State’s witnesses, Mr. Greenlee and Miss Huckaby. The two witnesses testified that Dale Watson and his brother had a “dumbchuck” on the day of the alleged incident. Defense counsel objected to the introduction of this evidence on two grounds. First, it is con *925 tended that such testimony should have been presented in chief and was improper rebuttal.
In his per curiam, the trial judge states:
“This court submits that the testimony of Mr. Greenlee and Miss Huckaby on this subject was properly admitted in rebuttal as it tended to refute the testimony of both defendants that neither Dale Watson nor his brothers had a “dumb-chuck” at the Lanier house.”
In our opinon, the ruling of the trial judge was correct. We also note, however, that all of the testimony of both witnesses was ultimately excluded because of a violation of the court’s witness-sequestration rule. The court instructed the jury to disregard the testimony.
Defendants’ second complaint is the violation of the witness-sequestration rule. In determining whether to disqualify a witness for a violation of the sequestration rule, the trial judge is accorded wide discretion. See State v. Hamilton, 262 La. 678, 264 So.2d 605 (1972); State v. Edwards, 257 La. 707, 243 So.2d 806 (1971). Here, however, the trial judge sustained the defense objection, excluded the testimony, and instructed the jurors to disregard it. Apparently satisfied with the ruling, the defense made no motion for a mistrial.
We conclude that the bill of exceptions lacks merit.

Bill of Exceptions No. 2

Bill of Exceptions No. 2 was reserved when the trial court judge denied the defendant’s motion for a new trial. The motion was based on two contentions, namely, that the ends of justice would be best served by a new trial and that the verdict was contrary to the law and evidence.
This court reviews a motion for a new trial only for errors of law. State v. Martin, 255 La. 961, 233 So.2d 898 (1970). A motion for a new trial based on the allegation that the verdict is contrary to the law and evidence presents nothing for review. State v. Causey, 261 La. 1074, 262 So.2d 326 (1972); State v. McClain, 254 La. 56, 222 So.2d 855, cert. den. 399 U.S. 911, 90 S.Ct. 2205, 26 L.Ed.2d 566 (1970).
Bill of Exceptions No. 2 lacks merit.
For the reasons assigned, the convictions and sentences are affirmed.