324 So.2d 415 (1975)
STATE of Louisiana
v.
Willie T. BATTS.
No. 56677.
Supreme Court of Louisiana.
December 8, 1975.
*416 Robert E. Piper, Jr., Huckaby, Piper & Brown, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., B. Woodrow Nesbitt, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Willie T. Batts was charged by bill of information with distribution of marijuana in violation of La.R.S. 40:966. After trial by jury, he was found guilty as charged. He was subsequently sentenced to serve four years at hard labor. On appeal, defendant relies upon two assignments of error for reversal of his conviction and sentence.[1]

FACTS
On July 30, 1974, Noel H. Reed, an undercover narcotics agent with the state police, was in Salute's Lounge located on the river front in Shreveport. He was accompanied by an informant. Reed and the informant had prior knowledge that Larry Wayne Martin, then seated in the lounge, knew where drugs could be purchased. The informant approached Martin and informed him that Reed wanted to purchase a quantity of marijuana. These parties left together for the purpose of having Martin make a contact for the purchase of marijuana for Reed. They located defendant, Willie T. Batts, in his car and followed him to a gas station where a conversation took place between Martin and Batts. Martin then informed Reed that Batts would follow them in his car to Tuminello's grocery store where they would be able to purchase the marijuana. At the grocery store, they were met by Batts. Reed gave Martin fifty dollars to purchase five lids of marijuana from Batts. Martin and Batts then left in Batts' vehicle. They returned in about five minutes, and Martin delivered five lids of marijuana to Reed. Batts immediately left the scene. Martin, Reed and the informant then drove back to Salute's Lounge. Batts was later arrested and charged with distribution of marijuana.

ASSIGNMENT OF ERROR NO. 1
A motion for mistrial was filed by defendant claiming that three witnesses had conversed with each other in the district attorney's officer during the course of the trial in violation of an order to sequestration issued pursuant to article 764 of the Code of Criminal Procedure. After a hearing, the motion was denied. Defendant objected to his ruling and makes it the subject of this assignment of error.
At the beginning of the trial, upon defendant's request, the court ordered the witnesses sequestered. Both the state and defendant named the witnesses that were *417 to be sequestered. During the course of his cross-examination, Larry Wayne Martin, a state witness, was questioned for the first time concerning a statement he had signed on February 18, 1975. This statement exculpated the defendant. According to Martin, defendant came to his house for the purpose of having him sign this prepared statement. He was sleeping at the time of his arrival, but Batts had his mother awaken him. Martin testified that he did not read the statement in full. Rather, he simply glanced at it and, being under the impression that it merely recited that he and Batts did not know each other prior to the date of the alleged sale of marijuana, he signed it. He further stated that, other than Batts, his mother was the only person present when he signed the statement. At this point, the state requested that Mrs. Martin, who was then present in the courtroom, be placed "under the rule" of sequestration in the event her testimony might become necessary. Prior to this time, the state had no knowledge of the statement or of Mrs. Martin's presence when it was signed. On the other hand, defendant not only knew of the statement, but was also aware that Mrs. Martin was present when it was signed. Nevertheless, defense counsel objected, claiming a violation of the rule of sequestration and stated that he would oppose Mrs. Martin testifying. The trial court then placed Mrs. Martin under the rule of sequestration. The examination of Martin continued. Over the state's objection, defense counsel was permitted to offer Martin's statement in evidence. At the conclusion of Martin's testimony, the court recessed for lunch.
When the trial resumed after the recess, Mrs. Martin was called as a witness for the state. Her testimony generally corroborated that of her son. On cross-examination, Mrs. Martin was questioned on her activities during the lunch hour. Thereupon, it was revealed that she had gone to the district attorney's office with the prosecuting attorney and there conferred with him. Martin and other members of her family had accompanied her. Testimony taken outside the presence of the jury on the motion for mistrial reveals that Martin was standing near the doorway when the prosecuting attorney questioned Mrs. Martin concerning her knowledge of the statement. It was not established that Martin either participated in or overheard this conversation. To the contrary, Mrs. Martin emphatically stated that she did not discuss the case with her son at that time or thereafter. During this meeting between the prosecuting attorney and Mrs. Martin, an assistant district attorney and Noel H. Reed, another state witness, stopped by the office to inquire as to whether the prosecuting attorney wanted to go to lunch with them. They (the assistant district attorney and Reed) immediately left. Reed did not converse with Mrs. Martin nor did he participate in her conversation with the prosecuting attorney.
The rule providing for sequestration of witnesses at trial is contained in article 764 of the Code of Criminal Procedure. It recites:
Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
The purpose of this article requiring sequestration of witnesses is to prevent their being influenced by testimony of prior witnesses and to strengthen the role of cross-examination in developing the facts. State v. Raymond, 258 La. 1, 245 So.2d 335 (1971), Cert. denied, 404 U.S. 805, 92 S.Ct. 101, 30 L.Ed.2d 38; State v. McAllister, 253 La. 382, 218 So.2d 305 (1969). Article 764 vests discretion in the trial judge as to the disqualification of a witness even when the rule of sequestration has been violated. *418 State v. McKinney, 302 So.2d 917 (La.1974); State v. Browning, 290 So.2d 322 (La.1974).
In the instant case, the state was not aware of the statement or that Mrs. Martin had witnessed it until brought out by the defense during the cross-examination of Martin. The state immediately moved to have this witness sequestered. On the other hand, defendant had prior knowledge of these facts. Also, no evidence was produced that either Martin or Reed overheard or participated in the conversation between the prosecuting attorney and Mrs. Martin. Under these circumstances, we are unable to say that the trial judge abused his discretion either in permitting Mrs. Martin to be placed under the rule and thereafter to testify even though present in the courtroom during most of her son's testimony, or in his factual conclusion that the witnesses had not violated his sequestration order during the recess. Hence, the motion for mistrial was properly denied. In any event, Mrs. Martin's testimony simply corroborated the testimony of her son regarding the statement. There is no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial judge erred in failing to admonish the jury to disregard the testimony of Mrs. Martin since she had violated the court's order of sequestration. This assignment of error presents the same issue as the previous one. For the reasons therein, we find no merit in the contention that the trial judge should have admonished the jury to disregard Mrs. Martin's testimony. Hence, this assignment of error is likewise without substance.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Defendants perfected another assignment of error; however, in brief to this court, he specifically abandoned same.