340 So.2d 1362 (1976)
STATE of Louisiana
v.
Clifton ARDOIN.
No. 58318.
Supreme Court of Louisiana.
December 13, 1976.
*1363 Dwight D. Reed, Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Clifton Ardoin, was charged with a violation of R.S. 14:34 aggravated battery. A six man jury found the defendant guilty as charged and he was sentenced to serve five years and one day in the parish jail. The State produced evidence that, on the night of August 9, 1975, Leonard Alcide, Jr. and Clifton Ardoin were in the Tip Top Bar in Eunice, Louisiana. Ardoin asked Alcide for a drink and Alcide refused. The two men had words and Ardoin hit Alcide in the mouth with his fist. Then Ardoin stabbed him four times in his arm, side and back.
Defendant alleges four assignments of error for reversal of his conviction and sentence. However, Assignment of Error No. 3 was neither briefed nor argued and is thereby deemed abandoned. State v. Matthews, 292 So.2d 226 (La.1974); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

Assignment of Error No. 1
At the opening of trial, the trial judge imposed a rule of sequestration on all of the witnesses pursuant to C.Cr.P. 764. After the State had begun putting on its case, defense counsel learned that the complaining victim, Leonard Alcide, had spoken to Willie Lewis, a State witness and bartender of the Tip Top Bar, in violation of the sequestration order. Alcide had already testified and Lewis was about to testify. Defendant first requested that the court exclude Lewis' testimony and when the court refused this request, the defendant moved for a mistrial, which motion was also denied. Defendant assigns as error the refusal of the trial court to declare a mistrial.
The purpose of the statute providing for sequestration of witnesses is to prevent their being influenced by the testimony of prior witnesses and to strengthen the role of cross-examination. E. g., State v. Holmes, 305 So.2d 409 (La.1974); State v. Fallon, 290 So.2d 273 (La.1974). However, not every violation of a sequestration order must result in the exclusion of a witness' testimony. That decision is within the sound discretion of the trial judge. State v. Batts, 324 So.2d 415 (La.1975); State v. McKinney, 302 So.2d 917 (La.1974); State v. Browning, 290 So.2d 322 (La.1974). On review, this court will look at the facts of each case to determine whether the violation resulted in prejudice to the accused. State v. Barnard, 287 So.2d 770 (La.1973).
In the case before us the record reveals that Alcide had talked to Lewis for only one minute. Lewis was examined by both the judge and defense counsel as to the conversation and Lewis testified that Alcide had not told him what he (Alcide) had testified to in court, nor any of the details of that testimony. In addition, there was no allegation or showing that the violation was brought about by any action or design of the State. State v. Jefferson, 305 So.2d 465 (La.1974). Under these circumstances, the defendant was not prejudiced by the violation of the sequestration order and there was no error by the trial judge in refusing to order a mistrial.

Assignment of Error No. 2
On direct examination Leonard Alcide testified that after he refused the defendant a drink, the defendant hit him in the mouth and then stabbed him. Alcide then hit the defendant in the face with a pint of whiskey he had in his hand and *1364 grabbed a chair for protection. On cross-examination Alcide testified that after he was hit, he "went and bought the pint." Therefore, there was a contradiction between his testimony on direct and cross-examination. Subsequently, two other witnesses testified that after Alcide had been stabbed he hit the defendant in the face with the pint of whiskey he had in his hand, thus corroborating Alcide's testimony on direct examination.
After all of this testimony, the State recalled Mr. Alcide and the following question was put by the prosecutor:
"Q. Mr. Alcide, a while ago when you testified, you told the lawyer for the defendant that you had went and bought a pint of whiskey after Clifton had hit you. Was that correct?
"A. No.
"MR. REED: I'll object, Your Honor.
"THE COURT: State the legal basis for your objection, Mr. Reed.
"MR. REED: He's trying to impeach his own witness' testimony.
"THE COURT: I'm going to overrule the objection, Mr. Reed. Ask the question.
"Q. Was that correct?
"A. No, I made a mistake. When he hit me, I already had the pint of whiskey.
"Q. Before you get to thatWhy did you testify that way?
"A. I just was nervous."
Defendant bases his objection on R.S. 15:487, which provides:
"No one can impeach his own witness, unless he have been taken by surprise by the testimony of such witness, or unless the witness show hostility toward him, and, even then, the impeachment must be limited to evidence of prior contradictory statements."
The exchange quoted above was not an attempt by the State to impeach its own witness. This witness had testified on direct examination that he hit the defendant with the whiskey bottle after being stabbed. He made no mention of buying the whiskey after being hit. On cross-examination it appears obvious from the record that the witness became confused. In recalling Mr. Alcide the State was attempting to rehabilitate this witness. In discussing impeachment, McCormick on Evidence states:
"Impeachment is not a dispassionate study of the capacities and character of the witness, but is regarded in our tradition as an attack upon his credibility.. . ." McCormick on Evidence (Cleary Ed. 1972), § 49 at 102.
There is clearly no attack upon the credibility of the witness here. In addition, the defendant nowhere indicates in what way he was prejudiced by this rehabilitation. The trial judge is vested with wide discretion to govern the examination of witnesses in court. State v. Calloway, 324 So.2d 801 (La.1976); State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972). There was no abuse of discretion in permitting this examination.
This assignment lacks merit.

Assignment of Error No. 4
After the defendant had been found guilty by a jury, he moved for a new trial alleging that the ends of justice would be served by granting a new trial "in that the court failed to give him the information required by article 780 of the Code of Criminal Procedure, as to his rights of waiver of a jury trial."[1] C.Cr.P. 780 provides:
"A defendant charged with any offense except a capital offense may knowingly and intelligently waive a trial by jury and elect to be tried by the court. At the time of arraignment, the defendant in *1365 such cases shall be informed by the court of his right of waiver and election."
The minutes and record of the trial do not reflect that the trial judge informed the defendant of his right to waive a jury trial. The State stipulated that at no time up to or through the trial was the defendant notified of his right to waive trial by jury. In addition, defense counsel testified at the hearing on the motion for a new trial that he was not aware that C.Cr.P. 780 required the court to inform the defendant of his right to waive trial by jury. However, defense counsel testified that he was aware of the defendant's right to waive trial by jury. The testimony of the defense counsel was as follows:
"BY THE COURT: Were you aware of this at that time, Mr. Reed? Were you aware of the provisions of 783? [sic] [780].
"MR. REED: I was not Your Honor. I was aware of his right to waive a Jury trial but I was not specifically aware of the article requiring the Court to do that."
Notwithstanding this testimony, the defendant now argues that this conviction must be reversed because there has been a substantial violation of a statutory right, i. e. the right to be informed by the judge of his rights of election and waiver. C.Cr.P. 921 provides:
"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."
The language of the statute is couched in the negative. "A judgment or ruling shall not be reversed . . . unless" one of the stipulated conditions is met. Not every violation of a statutory right therefore must result in reversal of a conviction. E. g., State v. Sharp, 338 So.2d 654 (La.1976) (failure to inform defendant of his right to waive jury trialheld defendant aware of right); State v. James, 305 So.2d 514 (La.1974) (technical errors in indictment form); State v. McKinney, supra (violation of sequestration rule); State v. Coates, 273 So.2d 282 (La.1973) (no notice to defendant of intent to use inculpatory statements). The particular circumstances of this case do not warrant reversal of the defendant's conviction. Defense counsel admitted that he was aware of the right involved here (the defendant's right to waive trial by jury). No prejudice to the defendant is alleged or demonstrated. In fact, in his brief, the defendant does not allege that he wanted to be tried by a judge alone. The defendant's argument is merely that the requirements of the statute have not been complied with and therefore the conviction must be reversed. As this court said in State v. Sharp, supra:
". . . We do not sanction and will not hold to a hard and fast rule to the effect that failure of the court to verbalize the option [to be tried by the judge] at arraignment of defendant necessarily constitutes reversible error. . . ."
Accordingly, the conviction and sentence of the defendant are affirmed.
NOTES
[1] In fact, a motion for a new trial is not the proper procedural vehicle by which to raise this alleged error. A motion in arrest of judgment, pursuant to C.Cr.P. 859 would have been proper. That article provides in pertinent part:

"The court shall arrest the judgment only on one or more of the following grounds:
". . .
"(4) The tribunal that tried the case did not conform with the requirements of Articles 779, 780 and 782 of this code." State v. Sharp, 338 So.2d 654 (La.1976). However, we will consider the merits of this contention.