353 So.2d 243 (1977)
STATE of Louisiana
v.
John Wayne MULLINS.
No. 60026.
Supreme Court of Louisiana.
December 19, 1977.
*245 John Barkley Knight, Jr., Winnesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don K. Carroll, Dist. Atty., S. E. Lee, Jr., Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
John Wayne Mullins was charged by bill of information with the crime of simple burglary in violation of La.R.S. 14:62. After trial by jury, he was found guilty as charged and was sentenced to serve three years at hard labor. On appeal, defendant relies on eight assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 2, 3, 4 AND 5
Defendant contends the trial judge erred in admitting in evidence, over his objections and motions for mistrial, the testimony of various state witnesses relative to his admissions of guilt prior to the establishment of the corpus delicti of the crime.
At trial, Royce Manning, a state witness, testified that on November 26, 1976, he parked and locked his pickup truck, in which he had a tape player, some oil, wrenches and cartons of cigarettes, while he went deer hunting. The witness stated that, because a vent window on the driver's side of the vehicle had been broken previously, cardboard had been placed over the opening to prevent rain from damaging the interior of the truck. He testified that he had left a key to the truck with his brother, Troy Sam Manning, so that he might drive his vehicle home. Upon his return two days later, Manning discovered that the tape player and the other items had been stolen from the truck. He testified that he later learned from a friend that his tape player was at Ralph Weems' house where defendant also resided. After relating that he called defendant at his home to verify that the tape player was there, the witness was then asked by the state what defendant told him. Defendant objected to this question on the ground that any admission made by him to Manning was inadmissible since the state had not proven the corpus delicti of the crime in that there was no proof of an unauthorized entry of the truck, an essential element of simple burglary. The *246 objection was overruled. The prosecutor repeated his prior question to the witness who responded that defendant admitted to him that he had removed the object from the vehicle to prevent it from being stolen. Defendant then moved for a mistrial on the ground previously urged as the basis for his objection. The motion was likewise denied.
The state then called Troy Sam Manning who testified that, when he went to pick up his brother's truck, he noticed that the cardboard over the side window had been displaced and the door on the driver's side of the truck was unlocked. He then observed that the tape player had been removed.
Ralph Weems testified that he learned two weeks after the burglary that defendant had the tape player in his possession. Over repeated defense objections and motions for mistrial on the same ground previously urged, Weems stated that defendant admitted that he had taken the tape player from Manning's truck.
It is well settled that an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone; in other words, without proof of the corpus delicti. State v. Freetime, 334 So.2d 207 (La.1976); State v. Sellers, 292 So.2d 222 (La.1974); State v. Brown, 236 La. 562, 108 So.2d 233 (1959); State v. Calloway, 196 La. 496, 199 So. 403 (1940); State v. Morgan, 157 La. 962, 103 So. 278 (1925).
In the present case, we consider that the corpus delicti of the crime charged, i. e., simple burglary of the pickup truck, was proved prior to the introduction in evidence of defendant's admissions of guilt. This proof was established by evidence independent of defendant's admissions. State v. Carson, 336 So.2d 844 (La.1976). Hence, there is no merit to defendant's contention. But, even assuming arguendo that the admissions were introduced in evidence prior to the establishment of the corpus delicti, we nonetheless find no substance to defendant's complaint. Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible. La.Code Crim.P. art. 773. Hence, the order of proof is left to the determination of the offering party subject to the general discretion of the court. Although the better practice is to require the establishment of the corpus delicti before an admission or confession is admitted in evidence, the law does not require proof of the corpus delicti as a condition precedent to the introduction of evidence, such as an admission or confession, to connect the accused with the crime charged as long as proof of the corpus delicti is subsequently established during trial.[1]State v. Odom, 247 La. 62, 169 So.2d 909 (1964); State v. Gani, 157 La. 235, 102 So. 319 (1924); State v. Hill, 135 La. 625, 65 So. 763 (1914); State v. Gebbia, 121 La. 1083, 47 So. 32 (1908). Hence, the trial judge properly admitted defendant's admissions in evidence.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 6 AND 7
In Assignment of Error No. 6, defendant contends the trial judge erred in admitting in evidence his taped confession on the grounds that it was introduced prior to the establishment of the corpus delicti; the confession was not freely and voluntarily made by him; and the confession was not admitted in its entirety. In Assignment of Error No. 7, defendant contends the trial judge erred in denying his motion for mistrial based upon the inadmissibility of his confession on the same grounds as above.
*247 Defendant's first basis of challenge to the admissibility of the confession was previously considered in Assignments of Error Nos. 1, 2, 3, 4 and 5 and, for the reasons assigned therein, is without merit.
During trial, outside the presence of the jury, a suppression hearing was conducted. Houston Seymour, a member of the sheriff's department, testified that he questioned defendant with respect to the instant crime on December 20, 1976, shortly after his arrest at which time defendant was advised of his Miranda rights and signed a waiver of rights form. Defendant was again informed of his rights prior to the tape recording of his statement. Seymour stated that defendant was not threatened or promised anything to make him confess to the crime.
Defendant testified that he was brought to the sheriff's office by Deputy Sheriff John H. Matthews who en route warned him that he had "better not be holding back" for if he did Matthews would see to it that he would get "a lot of time out of this deal." Defendant further testified that, while alone with Matthews in the interrogation room when Seymour had left to get a tape to record his confession, Matthews again admonished him not to hold anything back. He stated that throughout the interrogation Matthews looked threateningly at him and, as a result of the menacing remarks and threatening expressions, he was coerced into confessing to the crime. Although he admitted that he was never intimidated by Seymour, defendant testified that he did not report Matthews' threats to Seymour because of his fear of Matthews.
To rebut defendant's testimony, the state called Deputy Sheriff Matthews who testified that, although he could not recall if he had arrested defendant and taken him to the sheriff's office, he did not threaten or promise defendant any favor in an attempt to induce him to confess. Specifically, he denied that he threatened defendant into telling the truth or looked menacingly at him during the preliminary interrogation. In fact, Matthews stated that he was never alone with defendant in the interrogation room since he left the room with Seymour and did not return to the room during the taping of defendant's confession.
At the conclusion of the suppression hearing, the trial judge found that the confession had been freely and voluntarily made by defendant and was therefore admissible. The trial judge further ruled that, since a portion of the taped confession contained an inadmissible reference to another crime committed by defendant, that portion of the confession would have to be deleted before the confession was introduced in evidence. Defendant objected to this ruling arguing that the confession had to be introduced in its entirety, whereupon, the judge inquired of defendant whether he desired the entire confession to be received in evidence. Defendant responded by stating that if the entire confession was admitted in evidence, he would move for a mistrial since the confession contained a prohibited reference to another crime. Over defense objection, the confession was received in evidence with the portion referring to the other crime deleted.
Before a confession may be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, inducements or promises. La.R.S. 15:451; La.Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453; State v. Hutto, 349 So.2d 318 (La. 1977); State v. Adams, 347 So.2d 195 (La. 1977); State v. Ross, 343 So.2d 722 (La. 1977); State v. Cotton, 341 So.2d 355 (La. 1976). A confession is not rendered inadmissible by the fact that law enforcement officers exhort or adjure an accused to tell the truth provided that the exhortation is not accompanied by an inducement in the nature of a threat or one which implies a *248 promise of reward. State v. McAllister, 244 La. 42, 150 So.2d 557 (1963); State v. Ferguson, on rehearing, 240 La. 593, 124 So.2d 558 (1960); State v. Williams, 129 La. 215, 55 So. 769 (1911). The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Hutto, supra; State v. Adams, supra; State v. Ross, supra; State v. Demourelle, 332 So.2d 752 (La.1976); State v. Sims, 310 So.2d 587 (La.1975).
After reviewing the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been fully advised of his Miranda rights. Accordingly, the trial judge did not err in admitting the confession in evidence.
Lastly, we consider defendant's contention that the confession, a portion of which was deleted since it contained a prohibited reference to another crime, was improperly admitted in evidence at trial since it was not introduced in its entirety as required by La.R.S. 15:450. During trial, defendant indicated that, if the confession was introduced in its entirety, he would move for a mistrial since the confession included a reference to another crime which was not admissible under La.R.S. 15:445 and 446. For this reason, the trial judge allowed the introduction of only that portion of the confession dealing with the crime charged.
This court has previously addressed the contention asserted by defendant in State v. Snedecor, 294 So.2d 207 (La.1974):
Pretermitting the inconsistency of defendant's position, we held recently in State v. Haynes, 291 So.2d 771 (1974) that `a party defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him, although of course he may waive the benefits of the protective statute.' Thus, in keeping with the restrictions imposed in Sections 445 and 446, the trial court allowed introduction of only that portion of the statement dealing with the charged crime. Defendant, of course, could have required that the whole statement be introduced. This, however, is his choice to make. If he decides that the evidence of other crimes would outweigh the possible exculpatory value, then he may waive his right to have the whole statement introduced. The third alternative, that of keeping the whole statement out, is not available to defendant, unless, of course, the confession itself is not admissible.
See also, State v. Link, 301 So.2d 339 (La. 1974).
In the instant case, defendant could have required that his entire confession be introduced in evidence, but in doing so, he would thereby have waived his right to have excluded evidence of the other crime allegedly committed by him. This he declined to do. Under these circumstances, we find that the trial judge properly admitted in evidence only that portion of defendant's confession which pertained to the crime for which defendant was being tried.
Assignments of Error Nos. 6 and 7 are without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant moved for a mistrial on the ground that a state witness had conversed with another state witness during the course of trial in violation of an order of sequestration issued pursuant to La.Code Crim.P. art. 764. The motion was denied by the trial judge. Defendant assigns this ruling as error.
At the beginning of trial, at defendant's request, the judge ordered the witnesses sequestered. At the suppression hearing conducted during trial outside the presence of the jury, Deputy Sheriff John H. Matthews did not recall arresting and bringing defendant to the sheriff's office. Subsequently, in the presence of the jury, he stated that he did in fact arrest defendant *249 on December 20, 1976 at Ralph Weems' residence and transport him to the sheriff's office. However, he denied that he threatened or coerced defendant in any manner to confess to the crime. On cross-examination, Matthews admitted that he had not personally checked his records to determine if he had arrested defendant on the day in question but rather had a member of his office check them. He further stated that he also asked Ralph Weems, another state witness, whether he (Matthews) had in fact arrested defendant at Weems' house to which Weems responded in the affirmative. Defendant then moved for a mistrial on the ground that Matthews had violated the order of sequestration by discussing the facts of the case with another witness. The trial judge denied the motion.
The rule providing for sequestration of witnesses is contained in La.Code Crim.P. art. 764 which provides:
Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
The purpose of this article requiring sequestration of witnesses is to prevent their being influenced by testimony of prior witnesses and to strengthen the role of cross-examination in developing the facts. State v. Bell, 346 So.2d 1090 (La.1977); State v. Ardoin, 340 So.2d 1362 (La.1976); State v. Batts, 324 So.2d 415 (La.1975); State v. Raymond, 258 La. 1, 245 So.2d 335 (1971). This provision vests discretion in the trial judge as to the disqualification of a witness when the rule of sequestration has been violated. State v. Calloway, 343 So.2d 694 (La.1976); State v. Ardoin, supra; State v. Baker, 338 So.2d 1372 (La.1976); State v. Badon, 338 So.2d 665 (La.1976); State v. Batts, supra; State v. McKinney, 302 So.2d 917 (La.1974). The trial judge's ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Calloway, supra.
In the instant case, the witness' testimony was offered to rebut defendant's assertion that his confession was not freely and voluntarily given since he was threatened by Matthews while being taken to the sheriff's office as well as during interrogation. In violating the order of sequestration, Matthews received information from another witness pertaining to defendant's arrest which information was readily available and in fact was obtained by him through a review of his records. Moreover, this information was beneficial to defendant's case since it established that Matthews was with defendant when defendant was transported to the sheriff's office, as defendant had alleged in his testimony, and consequently Matthews had the opportunity to threaten defendant to coerce him to confess. Under these circumstances, defendant was not prejudiced by the violation of the order of sequestration. State v. Ardoin, supra. Hence, the trial judge did not abuse his discretion in denying defendant's motion for mistrial on this ground.
Assignment of Error No. 8 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] The rule adopted by the Fifth Circuit is that a confession may be introduced into evidence before the corpus delicti has been proven but there must be proof at some stage of the trial that a crime has in fact been committed. United States v. Khandjian, 489 F.2d 133 (5th Cir. 1974).