JjDREW, J.
Otis Jenkins appeals his conviction for second degree murder, claiming insufficient evidence. We affirm. •
FACTS
Shortly after midnight on January 31, 2002, Felix Faulk’s car veered off the road and struck a tree. Faulk died shortly thereafter from a gunshot wound to his back. Faulk’s cell phone records reflected that calls were made after the accident. This information led police to suspect Jenkins. When authorities searched his house, Jenkins was found hiding in a ceiling crawl space. Two 9-millimeter magazines, an assault rifle, and a .38 revolver *1278 were recovered from the search. No 9-millimeter firearm was ever found.
When policed initially interviewed the defendant, he admitted:
• being with three other people the night of the victim’s death, all of whom watched the victim repeatedly drive around the block before asking for “Larry,” a known homosexual;
• getting into the victim’s car, along with the others, where he saw a black notebook [1] and CDs;
• jumping from the vehicle and running when someone else pulled a gun and robbed the victim; and
• taking the victim’s phone and throwing it away.[2]
At a subsequent interview several days later, the defendant advised that:
• after watching the victim drive around the block a few times, he and Alexander James (“Big Alex”) got into the car;
• he (Jenkins) sat behind the victim;
12* Faulk offered him and Big Alex money for sex;
• Big Alex pulled a gun on the victim, robbed him of his cell phone and cash, and got out of the car;
• Faulk tried to speed away with the defendant still in the car;
• he (Jenkins) was armed with a 9-mm pistol, which he fired at the victim once before jumping out of the car and running back to his house; and
• he called his girlfriend and another friend that night on Faulk’s cell phone, which he later discarded.
Shamonique Smith, defendant’s girlfriend, testified that he called her that night, at which time he did not sound upset or nervous. Her sister corroborated the phone call from Jenkins.
Kenny Robinson testified that Jenkins called him, saying:
• when they got in the car, they tried to take Faulk’s money;
• when they jumped out, he shot the dude; and
• he had shot and possibly killed someone.
Robinson further confirmed that Jenkins usually carried a 9-mm pistol. Defendant chose not to testify at trial. Big Alex was not called as a witness due to a mental disorder. Defendant was convicted of second degree murder, and duly sentenced to life imprisonment without benefits. He appeals.
SUFFICIENCY OF THE EVIDENCE
The proper standard of appellate review for sufficiency of the evidence claims is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
This second degree murder conviction could have been proven in either of the following ways:
1. That Jenkins shot and killed the victim with specific intent to kill or to inflict great bodily harm; or
*1279 2. That JenMns shot and killed the victim while engaged in the perpetration or attempted perpetration of any one of a list of enumerated felonies (including armed robbery, first degree robbery, and simple robbery[3]), even though there is no proof of the specific intent to kill or to inflict great bodily harm. La. R.S. 14:30.1.
In asserting the insufficiency of the evidence here, the defendant argues that:
• a confession is insufficient to support a conviction without physical evidence linking a defendant to the crime;
• there is no proof in this record of Jenkins’ specific intent to kill or inflict great bodily harm;
• there is no proof that the defendant robbed the victim;
• there was a lack of physical evidence tying him to the crime;
• Kenny Robinson’s statement corroborating the defendant’s confession was coerced; and
• citing State v. Mullins, 353 So.2d 243 (La.1977), an accused party cannot be convicted on his own uncorroborated confession without supporting evidence.
Specific intent is “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). A jury may infer the existence of specific intent when a defendant points á gun at a victim and fires, or even when he fires at the victim’s fleeing- vehicle. State v. Milligan, 28,660 (La.App.2d Cir.12/11/96), 685 So.2d 1127, unit denied, 97-0379, (La.6/30/97), 696 So.2d 1005, reconsideration denied, (La.9/18/98), 724 So.2d 756. The defendant admitted sitting behind the victim and firing at point blank range. Although blood stained the upper part of the seat, there were no bullet holes found in the seat. According to autopsy results and the victim’s shirt,- the victim was shot on the right side of the back, below the shoulder. A 9-mm spent shell casing was found on the passenger side floor board. This evidence suggests that instead of moving to his left in an attempt to exit the car, the defendant raised his gun between the front seats, aimed at the victim, and pulled the trigger. The direction of the shot and the totality of the evidence proves beyond a reasonable doubt that Jenkins shot the victim with the specific intent to kill or at least inflict great bodily harm.
Alternatively, the evidence also proves beyond a reasonable doubt that the victim was killed while the defendant robbed him.
Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of | ^another, by use of force or intimidation, but not armed with a dangerous weapon. ■ La. R.S. 14:65. Armed robbery adds the element of a dangerous weapon. La. R.S. 14:64.
The state elicited testimony that Jenkins was armed, that he had plans to take something from Faulk, and that he used Faulk’s cell phone after the victim died. Kenny Robinson testified that the defendant told him he had gotten into the car to rob the victim.
It is always the function of the jury to assess the credibility of witnesses and resolve conflicting testimony. State v. *1280 Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). Where the trier of fact has made a rational determination, an appellate court should not disturb it. Id. In this case, the jury apparently chose to believe Robinson’s testimony about receiving a phone call from Jenkins, during which Jenkins confessed to killing the victim. We do not second guess the factual findings of the jury-
A police officer who responded to the scene stated the possibility of collecting fingerprints from the car’s interior was “pretty much impossible” because cloth material absorbs any ridge detail. Since the weapon was never found, the record lacks expert testimony concerning what firearm was used in firing the bullet that killed Faulk, and in ejecting the bullet hull found in Faulk’s vehicle. This joint stipulation was entered: “The North Louisiana Crime Lab determined that the bullet and fired cartridge easing were each fired from a nine millimeter firearm.”
| (¡Nonetheless, sufficient evidence was presented as to the commission of a crime by the defendant, thus satisfying the Mullins standard. The other evidence presented is sufficient to support the defendant’s confession and to convince a rational trier of fact that the elements of second degree murder had been proven beyond a reasonable doubt.
When viewed in a light most favorable to the prosecution, the evidence is clearly sufficient to support the guilty verdict for the crime of second degree murder. We affirm the conviction and sentence.
DECREE
The conviction and mandatory life sentence are AFFIRMED.

. Later recovered from the car.

. The phone was never found.

. Curiously, second degree robbery (La. R.S. 14:64.4) is omitted from the list of enumerated felonies for both first degree murder and second degree murder, even though the lesser and included crime of simple robbery (La. R.S. 14:65) is included as an enumerated felony for both of these homicides.