354 So.2d 530 (1978)
STATE of Louisiana
v.
Fred JONES.
No. 60381.
Supreme Court of Louisiana.
January 30, 1978.
Caliste Beard, Jr., Ltd., Caliste Beard, Jr., Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan *531 Stansbury, Dist. Atty., David F. Hutchins, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
The issue presented by this appeal is whether the trial court has the discretion to refuse to permit defendant to call as a witness one who had been present in court while other witnesses were testifying without the consent or knowledge of the defendant or his counsel.
Defendant Fred Jones was indicted by the Lafayette Parish Grand Jury for the attempted murder of Charles McBride. La.R.S. 14:27 and 14:30.1. After a trial by jury, defendant was found guilty as charged and was sentenced to serve fourteen years at hard labor.
Undisputed evidence at the trial revealed that Jones shot McBride with a pistol and ran into him with an automobile outside a nightclub. However, there was conflict in the witnesses' testimony as to whether Jones fired in self-defense and whether McBride jumped onto the moving vehicle in an attempt to attack Jones. The incident occurred shortly after two groups of customers left the nightclub. McBride and his companions testified for the State. Jones and his friends testified on his behalf.
At the commencement of the trial, State and defense witnesses were called forward by name and removed from the courtroom. The State, however, did not call forward several persons whom it had subpoenaed, including Mortega Rowhany. Consequently, Rowhany remained in the courtroom during the testimony of the State's first witness, the victim, McBride. After a brief recess, defense counsel moved the court to subpoena Rowhany, to call him as a defense witness, and to place him under sequestration, stating that he had discovered during the recess that Rowhany's testimony would be favorable to the defendant. The trial court sustained the State's objection and overruled the defendant's motion because the witness, Rowhany, had been present in the courtroom while the victim was testifying. In response to the State's objection, the trial court further denied the request of defense counsel to make a proffer of Rowhany's testimony out of the presence of the jury.
Although we have consistently held that the action to be taken in the face of a violation of a sequestration order rests within the sound discretion of the trial judge, State v. Ardoin, 340 So.2d 1362 (La.1976); State v. Batts, 324 So.2d 415 (La.1975); State v. McKinney, 302 So.2d 917 (La.1974); State v. Browning, 290 So.2d 322 (La.1974), the discretion in this regard is not unlimited.[1] Article I, Section 16 of the Louisiana Constitution of 1974 guarantees an accused the right to compel the attendance of witnesses and to present a defense. The Sixth Amendment to the United States Constitution provides that the accused shall enjoy the right to have compulsory process for obtaining witnesses in his favor, and this right is enforceable against the States through the Fourteenth Amendment. Washington v. Texas, 338 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).
In Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), the Supreme Court recognized that a trial judge's authority to exclude a disobedient witness is limited and observed:
"* * * If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court." (Emphasis added.)
This initial statement of the rule was not expressly based on the constitution and may *532 have been intended to apply only to federal courts. In Braswell v. Wainwright, 463 F.2d 1148 (5th Cir. 1972), however, the Court of Appeals defined the "particular circumstances" justifying exclusion as the "`consent, connivance, procurement or knowledge of the defendant or his counsel' in the unauthorized presence of the witness,"[2] and held that exclusion of a defense witness in the absence of such particular circumstances violated defendant's Sixth Amendment rights. This holding was reaffirmed in Barnard v. Henderson, 514 F.2d 744 (5th Cir. 1975), and a similar rationale has been adopted by other federal courts of appeals. United States v. Kiliyan, 456 F.2d 555 (8th Cir. 1972); Taylor v. United States, 388 F.2d 786 (9th Cir. 1967); United States v. Schaefer, 299 F.2d 625 (7th Cir. 1962), cert. denied, 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497.
Although our jurisprudence allowing trial judges to enforce sequestration pursuant to La.C.Cr.P. art. 764 by excluding testimony of disobedient witnesses does reflect a legitimate state interest in preventing testimonial influence, that interest is not sufficient to override the defendant's rights to have compulsory process and to present a defense under either the federal or the state constitution. This is not to imply that there may be no risk of a witness coloring his testimony to conform to what has gone before. But our adversary system reposes judgment of the credibility of all witnesses in the jury. Excluding the witness's testimony, in the absence of a sequestration violation with the consent or knowledge of the defendant or his counsel, is not a constitutionally permissible means of insuring reliable testimony. Cf. Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972).
In the instant case, the trial court excluded the testimony of Rowhany solely because he had been present during the testimony of the other witnesses. In oral argument the defendant's attorney stated that he was not aware that Rowhany had been a witness to the alleged crime or that he had been present in the courtroom during the trial. There is nothing in the record to indicate that Rowhany's presence was brought about with the consent, connivance, procurement or knowledge of the defendant or his counsel. For these reasons it appears that the trial judge erred in refusing to allow the witness to testify.
Because the trial judge denied defense counsel's motion to make a proffer of Rowhany's testimony, we are unable from the record before us to determine whether the testimony was material and significant to a degree which would render its exclusion prejudicial to the substantial rights of the accused, or which would constitute a substantial violation of a constitutional or statutory right.[3] Since Rowhany's testimony may have been detrimental or unhelpful to the defense asserted by the accused, it is not necessary at this time to reverse the conviction and order a new trial. Instead, we remand to the district court for an evidentiary hearing limited to the content of Rowhany's testimony, its relevancy and materiality to the petitioner's defense, and to a determination of whether Rowhany's presence during the testimony of other witnesses was with the consent, connivance, procurement or knowledge of the defendant or his attorney.
If the district court finds that Rowhany's testimony was material and significant to the defendant's case, and if it determines that there was no knowing violation of the rule of sequestration, then we reserve to the trial court judge the power to grant a new trial. If, however, the court finds that the testimony was not material or significant to the defense, the right to appeal from such ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.
*533 The case is, therefore, remanded to the district court for further proceedings in accordance with this opinion.
SANDERS, C. J., and MARCUS, J., concur.
NOTES
[1] Unlike former R.S. 15:371, La.C.Cr.P. art. 764 does not disqualify the witness for disobedience of an order excluding him from the courtroom. See, Article 764 comment (b). In fact, the only statutory penalty for such disobedience is the punishment of the witness for contempt. La.C.Cr.P. arts. 21, 22.
[2] Id. at 1156.
[3] La.C.Cr.P. art. 921; see also, United States v. Atkins, 487 F.2d 257 (8th Cir. 1973), in which the court noted that not every erroneous exclusion of testimony will amount to prejudicial error.