SHORTESS, Judge.
David Robins (defendant) was indicted by the East Baton Rouge Parish grand jury and charged with aggravated rape, in violation of LSA-R.S. 14:42. He pled not guilty, elected a bench trial, and was convicted as charged. The trial court imposed the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspended sentence. Defendant has appealed his conviction and urges 43 assignments of error in 25 arguments. Since we find it necessary to order a limited remand, we will discuss only assignments of error five, six and 41 at this time.
Defendant was charged with the rape of a fifteen-year-old girl on the premises of the Greenville Head Start School in Baton Rouge. The victim testified that defendant and Calvin Watson grabbed her as she walked across the school grounds June 21, 1984, at approximately 3:30 p.m.; that she did not know either of them but had seen them earlier passing on the street; that they tried to force her to kiss them; that when she refused, they picked her up and carried her up a flight of stairs to an outside landing where they took turns raping her; that Calvin Watson threatened her with a wine bottle to force her to remain quiet; and that she continued to scream and plead with them until a police officer arrived.
At the time of this incident, the school grounds were deserted because classes had been dismissed for the summer. An audio security system which included several microphones set up around and inside the school buildings had been installed by Soni-trol of Baton Rouge, Inc. The microphones were installed in such a manner that they would begin transmitting sounds to a central control office when activated by a noise louder than a preset standard. One of the microphones was apparently triggered by the screams of the victim, and the sounds were transmitted to the Sonitrol control office. Simultaneously, a video display terminal indicated the location of the sounds. This information was noted by Joan Hanley, the Sonitrol employee in the control room at that time. After listening for a few seconds, Ms. Hanley activated a tape recorder in the control room which recorded the sounds transmitted by the microphones. Simultaneously, Ms. Hanley contacted the Baton Rouge Police Department.
ASSIGNMENTS OF ERROR NUMBERS FIVE AND SIX
In assignment of error number five, defendant argues that the trial court erred in denying his motion for a stay or continu- *879 anee pending the Supreme Court’s disposition of the writ application discussed below. In assignment of error number six, defendant alleges that the trial court erred when it ruled that he had voluntarily and intelligently waived his right to a jury trial.
Trial of this matter was originally scheduled for November 5, 1984. On that date, defendant filed a motion to suppress the Sonitrol cassette tape on the grounds of its inflammatory and prejudicial content. Out of the presence of the jury venire, the court conducted a hearing on the motion and denied it. Jury selection was begun. On the following day, defendant notified the court that he wished to waive his right to a jury trial. The court then continued the proceedings until November 26, 1984.
Initially, defendant applied to this court for supervisory writs, contesting the trial court’s ruling on the admissibility of the tape. We denied the writ on November 26, 1984. Subsequently, proceedings were resumed in district court, and several preliminary matters were handled. The court then questioned defendant about his decision to waive his right to trial by jury. Defendant stated that he waived said right only because of the ruling which permitted the tape to be introduced. After advising the court that a writ application to the Louisiana Supreme Court was being drafted, defendant requested the court to continue the matter until a ruling from that court could be obtained. Defendant’s counsel noted that the actual delay in time would be minimal because one member of the defense team had a prior out-of-town commitment and trial could not be resumed until late that afternoon or the following day. The defense argued the Supreme Court probably would act on the application for writs by the time trial could be resumed. If the Supreme Court ruled the tape inadmissible, defendant said he would then elect a jury trial.
The trial court denied the motion for a continuance and denied a motion for a stay pending action by the Supreme Court. The following day, the Supreme Court declined to interrupt a trial in progress to rule on the admissibility of evidence. State v. Robins, 460 So.2d 1049 (La.1984).
Both of these assignments grow out of defendant’s objections to the trial court’s ruling the Sonitrol tape admissible. His choice of a jury or bench trial turned on whether the tape was admissible. And his motion for a continuance grew out of his desire to have the Supreme Court decide on its admissibility immediately. Because the issues are so intertwined, we discuss them together.
In State v. Watson, 484 So.2d 870 (La.App. 1st Cir.1986), we today ruled that the tape in question was properly admitted. This ruling was founded on the evidence adduced at defendant’s hearing on his motion to suppress.[1] The denial of a motion for continuance is not grounds for reversal absent a showing of specific prejudice and clear abuse of trial court discretion. LSA-C.Cr.P. art. 712; State v. Benoit, 440 So.2d 129 (La.1983); State v. Long, 408 So.2d 1221 (La.1982). Since the tape was properly before the trier of fact, we find neither prejudice to defendant in the denial of his motions for stay or continuance nor clear abuse by the trial judge of his discretion.
Likewise, because we have ruled that the tape was admissible, the defendant can have suffered no prejudice by waiving his right to a jury trial. Responding to questions about this waiver, defendant stated that he waived said right because the trial court had judged the tape admissible. Thus, even accepting for purposes of argument only defendant’s claim that the waiver was a conditional one, dependent for its validity on the admissibility of the recording, we still cannot find prejudice because defendant’s choice as trier of fact, if the tape were deemed admissible, was the judge.
*880 Accordingly, we find no merit in these assignments of error.
ASSIGNMENT OF ERROR NUMBER 41
In assignment of error number 41 defendant urges reversal of his conviction because the trial court frustrated his attempt to impeach the victim. Berryman Williams, called as a defense witness, had earlier testified that he knew the victim and had lived in her neighborhood all his life. There followed, on direct examination, this exchange:
Q. Mr. Williams, do you know what the general reputation of Christine Ricard is in the neighborhood?
Ms. Creswell:
Objection, Your Honor.
The Court: Sustained.
By Mr. Lorio:
Do you know her reputation for telling the truth or not?
Ms. Creswell:
Objection, Your Honor.
The Court: Sustained.
Ms. Richey: We object to the Court’s rulings and assign error.
Defendant contends that by sustaining the State’s objection to the latter question the trial court denied him the right to impeach the victim’s credibility. LSA-R.S. 15:486. Specifically, he argues that LSA-R.S. 15:490 permits such attacks on credibility by an inquiry into general reputation for veracity, precisely the method attempted by defense counsel. Such an inquiry would be particularly appropriate here, where the victim is the only eye witness to the incident.
We agree that the tidal court erred in not allowing the witness to comment on the testifying victim’s general reputation for truth. State v. Edmond, 399 So.2d 187 (La.1981). The right to impeach is a significant aspect of the criminal defendant’s right to present a defense and to confront witnesses. State v. Vaughn, 431 So.2d 358 (La.1982). But we cannot say that the trial judge’s action is reversible error, because, simply, we do not know whether the excluded evidence would have affected the determination by the trier of fact. Vaughn, 431 So.2d at 371. This factor distinguishes the present case from such cases as Vaughn, State v. Gabriel, 450 So.2d 611 (La.1984), and State v. Caldwell, 251 La. 780, 206 So.2d 492 (1968). In those cases, evidence that would have impeached a state witness had been excluded at trial, and the Supreme Court set aside the convictions because of that erroneous exclusion. Significantly, in all three, the court was aware of the content of the evidence excluded and could decide that failure to admit it was prejudicial to the “substantial rights of the accused.” LSA-C.Cr.P. art. 921. We are not in a similar position.
Accordingly, we find that the case should be remanded to the trial court for an evi-dentiary hearing to determine the content of Williams’ testimony about the victim’s “general reputation for truth.” In choosing this disposition, we are guided by the ruling in State v. Jones, 354 So.2d 530 (La.1978). Jones concerned the propriety of a trial court’s refusal to allow a defendant to call a witness, Rowhany, who had been present in court contrary to a sequestration order. The court ruled that refusing to allow this witness to testify was error. The record in Jones did not reveal (nor does the record in this case reveal) the content of the testimony excluded. The Jones court concluded:
[W]e are unable from the record before us to determine whether the testimony was material and significant to a degree which would render its exclusion prejudicial to the substantial rights of the accused, or which would constitute a substantial violation of a constitutional or statutory right. Since Rowhany’s testimony may have been detrimental or unhelpful to the defense asserted by the accused, it is not necessary at this time to reverse the conviction and order a new trial. Instead, we remand to the district court for an evidentiary hearing limited to the content of Rowhany’s testimony, *881 its relevancy and materiality to the petitioner’s defense....
Jones, 354 So.2d at 532 (footnote omitted).
Because we cannot ascertain whether Williams knew the victim’s reputation in the community for veracity or whether, if he did, he knew that she was reputed to be untruthful, we believe a limited remand is appropriate.
Our courts have followed a similar pattern in cases involving the production and admissibility of juvenile records, the determination of the role of plea bargains in guilty pleas,[2] and the relief from evidentia-ry errors in hearings on motions to suppress.[3] The first of these is particularly relevant. In State v. Smith, 437 So.2d 802 (La.1983), the defendant wished to use a state witness’s juvenile records to impeach her. That defendant assigned as error the trial court’s refusal to order the production and admission of those records. The Supreme Court remanded the matter for the trial judge to review the records and decide if admission of their contents were required. Smith, 437 So.2d at 805; accord State v. Hillard, 398 So.2d 1057 (La.1981). We take the same step in this case under similar circumstances.
Accordingly, we remand this case for the limited purpose of taking additional evidence from Berryman Williams regarding his knowledge of the victim’s general reputation for truth.
If the trial court finds from the evidence that Berryman Williams does not know the victim’s general reputation for truth, then the matter is closed, and the case shall be returned to us forthwith. If Berryman Williams does know the victim’s general reputation for truth, then his response, depending on how he answers, may be significant to the trial court in connection with impeachment of the victim and its potential effects. Of course, the State’s right to further cross-examination and rebuttal, if necessary, is reserved to it. So we will await a ruling from the trial court before proceeding further.
REMANDED.
GROVER L. COVINGTON, C.J., dissents and assigns reasons,

. The parties in the Watson case stipulated that the evidence taken at an evidentiary hearing held on November 5, 1984, before Judge Leo P. Higginbotham on David Robins’ motion to suppress physical evidence would be adopted by Calvin Watson.

. State v. Bosworth, 415 So.2d 912 (La.1981) (ordering remand for an evidentiary hearing to determine if a plea agreement had been made and breached).

. State v. Jackson, 424 So.2d 997 (La.1982), involved the other side of the coin; there, the question was whether a defendant’s confession was improperly admitted at a hearing on his motion to suppress. The court remanded for a reopened hearing on the motion, reasoning that:
[B]y this practice "the error might be eliminated upon another trial of the motion to suppress,” and a new trial on the merits be avoided if in fact no error at such trial has occurred. State v. Edwards, 375 So.2d 1365, [1368] (La.1979).
Jackson, 424 at 1000.