SEXTON, Judge.
After a jury trial, defendant, Kerry L. Shoemaker, was convicted as charged of two counts of distribution of marijuana, in violation of LSA-R.S. 40:966. The defendant was sentenced to three years at hard labor on each count, with the sentences to run concurrently. The sentence was suspended and a term of five years supervised probation with specified conditions imposed, as well as a $1,500 fine, and additional costs of court. We affirm.
The following facts were supplied at trial through the testimony of Deputy Irene Sargent. Deputy Sargent, working in an undercover capacity, met the defendant at the Melody Lounge in Rayville, Louisiana on October 15, 1983. After some initial conversation and a ride in defendant’s red Firebird, Sargent went to the defendant’s home and obtained marijuana from him. Sargent offered payment for the marijuana, but the offer was refused.
Deputy Sargent returned to the Melody Lounge on October 19, 1983 accompanied by Trooper John Ballance. While there, Sargent again met the defendant. She introduced Trooper Ballance as her boyfriend from South Louisiana. Sargent asked defendant if he knew where she could obtain additional marijuana. Defendant replied that he could get some for her and left for a short period of time. Upon returning, defendant gave Sargent a bag of marijuana and again refused an offer of payment.

Assignment of Error No. 2

In this assignment, the defendant contends that the trial judge erred in refusing to allow a defense witness, Karen Shoemaker, to testify in the defense case-in-chief.
At the beginning of the trial, the state requested that all witnesses be sequestered. The state called all of its prospective witnesses and defendant did likewise, claiming that it only had two witnesses to call, neither of which was Karen Shoemaker. When the defense began its casein-chief, defense counsel called Karen Shoemaker to the stand. The state objected on the grounds that Ms. Shoemaker had not been sequestered. It is uncontroverted that Ms. Shoemaker was not present in the courtroom during any of the trial proceedings previous to her being called as a witness.
LSA-C.Cr.P. Art. .764 provides for the exclusion and conduct of witnesses.
Art. 764. Exclusion and conduct of witnesses
Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
The purpose of this article is to prevent witnesses from being influenced by the testimony of earlier witnesses and to strengthen the role of cross-examination in developing the facts. The trial judge, in his discretion, may determine the qualification of a witness when a rule of sequestration has been violated. State v. Narcisse, 426 So.2d 118 (La.1983); State v. Stewart, 387 So.2d 1103 (La.1980); State v. Mullins, 353 So.2d 243 (La.1977); State v. Jackson, 452 So.2d 1225 (La.App.2d Cir.1984).
LSA-C.Cr.P. Art. 764 notwithstanding, there are constitutional limitations on the trial judge’s exercise of his discretion to disqualify witnesses from testifying. Sixth Amendment, United States Constitution, LSA-La. Const. Art. 1, § 16; State v. *1086 Boutte, 384 So.2d 773 (La.1980); State v. Jones, 354 So.2d 530 (La.1978). As stated in Boutte, supra; Art. 1, § 16 of the Louisiana Constitution guarantees an accused the right to compel the attendance of witnesses and to present a defense. The Sixth Amendment to the United States Constitution provides that a defendant has the right to have compulsory process for obtaining witnesses in his favor. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).
The constitutional limitations on the trial judge’s exercise of his discretion to exclude a defense witness was further explored in State v. Warren, 437 So.2d 836 (La.1983)
When the exclusion is of a defense witness, the defendant’s right to compel the attendance of witnesses and to present his defense may be impaired. La. Const, art. 1, § 16; State v. Armstead, 432 So.2d 837 (La.1983); State v. Jones, 354 So.2d 530 (La.1978). In State v. Jones, 354 So.2d 530, 532 (La.1978), this court recognized that:
Although our jurisprudence allowing trial judges to enforce sequestration pursuant to La.C.Cr.P. art. 764 by excluding testimony of disobedient witnesses does reflect a legitimate state interest in preventing testimonial influence that interest is not sufficient to override the defendant’s rights to have compulsory process and to present a defense under either the federal or the state constitution.
We then followed Braswell v. Wainwright, 463 F.2d 1148 (5th Cir.1972) and held that exclusion of a witness’ testimony, in the absence of a sequestration violation with the consent [,] connivance, procurement or knowledge of the defendant or his counsel, is con- stitutionally impermissible. State v. Jones, 354 So.2d 530 (La.1978). See also, State v. Armstead, 432 So.2d 837 (La.1983); State v. Boutte, 384 So.2d 773 (La.1980).
In the instant case, Karen Shoemaker did not hear any of the testimony of the case and was not put under the rule of sequestration for the reason that the defense counsel did not anticipate that her testimony would be needed. However, the defense counsel explained in oral argument that in light of certain factual testimony that had been elicited during the prosecution’s case-in-chief, Ms. Shoemaker’s testimony would be relevant for the purpose of impeaching Ms. Sargent’s testimony. Specifically, the defendant asserted that Ms. Shoemaker would testify that Pipes Bar-ham, who allegedly rode in the red Firebird with the defendant and Ms. Sargent prior to the drug transaction, was not present in the lounge on the evening in question. Through this testimony, the defendant sought to impeach the testimony of the prosecuting witness as to certain specifics of the events of the evening.
In oral argument, the prosecutor stated that “apparently someone has talked to Mrs. Karen Shoemaker during the time of this trial....” The trial court apparently agreed with this conclusion. However, the record is devoid of proof in this regard. Additionally, we note that under the specific terms of LSA-C.Cr.P. Art. 764, the witness was free to confer with defense counsel. In any event, had there been a proven violation of the rule of sequestration, there was certainly no evidence in this record that the violation was with the consent, connivance, procurement or knowledge of the defendant or his counsel. As such, the exclusion of this defense witness was constitutionally impermissible.
However, not every erroneous exclusion of a disobeying witness’s testimony is reversible error. If the testimony was not material and significant to a degree which would render its exclusion prejudicial to the substantial rights of the accused, or which would constitute a substantial violation of a constitutional or statutory right, then the defendant has not been prejudiced by the court’s ruling. State v. Warren, supra; State v. Boutte, supra; State v. Jones, supra.
In State v. Boutte, supra, the defendant was convicted in a bench trial of committing a lewd, lascivious, and sexually indecent act upon a four year old child. The *1087 defendant claimed that the trial court erred in excluding the testimony of a defense witness who would have testified that shortly before trial in the rear of the courtroom, the mother of the four year old victim offered five dollars to her daughter to testify. The Supreme Court upheld the exclusion of the witness, commenting that “offering candy or money to a nervous or frightened four year old to testify in a courtroom is not equivalent to offering an adult money or other inducement to be a witness.” The high court noted that the judge was aware of the partisanship of the mother who was pursuing a civil suit against the defendant and found that this fact was not appreciably reinforced by evidence that the mother may have offered her four year old five dollars to calm her anxieties and induce her cooperation in the courtroom. The Supreme Court held that under these circumstances, the impact of the exclusion was so minimal that it did not constitute reversible error, even though the excluded testimony was relevant and material.
In State v. Huntley, 438 So.2d 1188 (La. App.3d Cir.1983), the Third Circuit found that there was no evidence that the excluded witness violated the sequestration order with the consent, connivance, or knowledge of the defense counsel or defendant. In determining whether the excluded testimony would have affected the jury’s verdict, the Third Circuit noted that the witness’s testimony would have supported the defendant’s alibi defense; however, the testimony would have been cumulative with the testimony previously given by two other witnesses. Thus, the court concluded that it was unlikely that the exclusion of that testimony had any effect on the jury’s decision.[1]
In State v. Jones, supra, the Supreme Court found that the trial court had appar *1088 ently erred in refusing to allow a defense witness to testify. However, the Supreme Court was unable from the record to determine whether the testimony of the precluded witness was material and significant to a degree which would render its exclusion prejudicial to the substantial rights of the accused, or which would constitute a substantial violation of a constitutional or statutory right; therefore, the Supreme Court remanded to the district court for an evi-dentiary hearing limited to the content of the witness’s testimony, its relevancy and materiality to the petitioner’s defense, and to a determination of whether the witness’s presence during the testimony of other witnesses was with the consent, connivance, procurement or knowledge of the defendant or his attorney.
It is difficult to glean a definitive rule of law from the above quoted jurisprudence. However, the Supreme Court will apparently uphold the exclusion of a defense witness after a violation of the sequestration order when the testimony of the witness would be merely cumulative or corroborative of another witness’s testimony.
In the instant case, we note that the precluded testimony does not involve the actual occurrence of the drug transaction itself. However, it does question one aspect of an important prosecution witness’s testimony with respect to the first alleged transaction and is not cumulative or corroborative.
However, prior to the effort by the defense to call this witness, the defendant specifically conceded that on both occasions alleged by the state, and under the circumstances asserted by the state, he did indeed give marijuana to Deputy Sargent. In fact, when shown the bags of marijuana which were introduced into evidence, he conceded the bags were similar to those which he had given the deputy. However he said he “thought” he had given her a smaller amount on each occasion than was contained in the bags shown him. Thus, the defendant himself conceded the fact of each transaction at issue, corroborating the testimony of the primary prosecution witness. Consequently, the exclusion of the testimony at issue in an attempt to impeach this witness’s credibility as to a peripheral matter was harmless beyond a reasonable doubt. This assignment lacks merit. LSA-C.Cr.P. Art. 921.

Assignments of Error Nos. 1, 3 & 4

Appellant’s first assignment of error contends the trial court erred in prohibiting the defendant from testifying as to certain statements made by the undercover officer during the first transaction. Apparently the defendant was attempting to maintain an entrapment defense, contending that he was induced to distribute the marijuana as a result of the wiles of the female agent.[2] Thus, this assignment seems to strike to the heart of the defense position in this case.
However, when the trial court sustained the state objections to the defense questions, the defendant’s trial counsel failed to object to the court’s ruling. Appellate counsel for defendant is correct that the statements were part of the res gestae and should have been admitted under that hearsay exception. However, that basis for admissibility was not called to the attention of the trial court. Thus, the defendant not only failed to register an objection to the trial court’s ruling but failed to state the appropriate grounds therefor.
The failure to raise a contemporaneous objection to a ruling of the court constitutes a waiver of that objection. LSA-C. Cr.P. Art. 841; State v. Huizar, 414 So.2d 741 (La.1982); State v. Molinario, 400 So.2d 596 (La.1981); State v. Pettaway, 450 So.2d 1345 (La.App.2d Cir.1984), writ denied 456 So.2d 171 (La.1984). Further *1089 more, when the defense acquiesces when the court sustains an objection to an examination of a witness, that objection is waived. LSA-C.Cr.P. Art. 841; State v. Huizar, supra; State v. Motton, 395 So.2d 1837 (La.1981).
Additionally, the defendant has the obligation to accurately assert the grounds for his objection at the time urged in order that it may be appropriately considered by the trial court. A new ground for an objection may not be urged for the first time on appeal. LSA-C.Cr.P. Art. 841; State v. Jones, 408 So.2d 1285 (La.1982); State v. Green, 390 So.2d 1253 (La.1980). This assignment of error lacks merit.
Assignments of Error Nos. 3 and 4, respectively, complain of restriction of the testimony of a defense witness and in the failure to render certain jury charges. The defendant also failed to make a contemporaneous objection to these two rulings of the trial court. This failure is likewise fatal to defendant’s appellate position on these assignments. LSA-C.Cr.P. Arts. 841 and 801. These assignments lack merit.
The conviction of the defendant is therefore affirmed.
AFFIRMED.
HALL, C.J., dissents with written reasons.

. Likewise, in State v. Warren, supra; State v. Western, 355 So.2d 1314 (La.1978); State v. Calloway, 343 So.2d 694 (La.1976); and State v. Barnard, 287 So.2d 770 (La.1973), the exclusion of a defense witness was upheld where the witnesses’s testimony would be merely cumulative. However, in Barnard v. Henderson, 514 F.2d 744 (5th Cir.1975), the Fifth Circuit Court of Appeals, considering the matter of State v. Barnard, supra, on habeas corpus, held that the trial court action had been erroneous, and that because of this issue, along with another issue defendant was entitled to be released or retried. The later Barnard decision relied upon Braswell v. Wainwright, 463 F.2d 1148 (5th Cir.1972), which held that absent knowledge, procurement, or consent of defendant or his counsel, the violation of a sequestration order should not cause the exclusion of a defense witness. This requirement was adopted by the Supreme Court in State v. Jones, supra. See also, State v. Holmes, 305 So.2d 409 (La.1974), where the Supreme Court upheld the exclusion of defense alibi witnesses where the witness was present during testimony of another alibi witness. The Supreme Court agreed that to allow this witness to testify would violate the purpose of the rule of sequestration. However, implicit in this ruling is the finding that this witness’ testimony would have been cumulative with the prior witness’ testimony.
In State v. Evans, 249 La. 861, 192 So.2d 103 (1966), the trial court excluded a defense witness who had denied being present in the court- ■ room after the selection of the jury until faced with the fact that his presence had been observed by the state's investigator. The trial court found it significant that the witness’s testimony was being offered to show the voluntary nature of the confessions, but the witness was not called when the defendants were attempting to traverse the state's proof outside the presence of the jury. The Supreme Court held that under these circumstances, the trial judge did not abuse his discretion in refusing to permit the witness to testify. It is significant that this case was decided in accordance with LSA-R.S. 15:371, the precursor of LSA-C.Cr.P. Art. 764, which called for mandatory exclusion of a witness’ testimony upon "any disregard" of the sequestration order provided “that the judge may in all cases, in his discretion, permit any witness to testify." Additionally, in State v. Baker, 338 So.2d 1372 (La.1976), the Supreme Court upheld the trial court's preclusion of a defense witness from testifying after violation of the sequestration order. In that case, which involved a bench trial, the trial judge determined that a violation of the rule of sequestration had occurred and was of the opinion that the witness’s testimony would not be worthy of belief because the witness denied that he had been in court during the taking of evidence.
Noteworthy is the fact that many of these decisions preceded State v. Jones, which adopted the federal standard that there must be a showing of connivance, procurement or consent on the part of the defendant. Although these cases have been included in this discussion for comparison purposes, they are constitutionally questionable in light of the Jones decision.

. It is difficult to imagine the viability of an entrapment defense in the face of two instances of distribution closely related in time. Also damaging to that defense is the fact that the second distribution was made in the presence of another undercover officer who was introduced to the defendant as her boyfriend and the fact that the distribution occurred inside a lounge with other persons present, rather than in private circumstances.