STOKER, Judge.
On November 10, 1987 the defendant, Oreun Joubert, was convicted of the crime of attempted simple burglary, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:62. On November 17, 1987 the defendant was sentenced to serve a term of six years at hard labor to run consecutively to any other sentence defendant must serve. Defendant appeals and raises six assignments of error. However, since we are able to resolve this case under Assignment of Error No. 2, it is unnecessary for us to discuss the other assignments.
FACTS
Louie Campbell and his wife left home to go on vacation and left keys to their residence, and instructions to keep an eye on things, with their daughter, Mary May-eaux, and their grandson, Patrick Derou-selle. Sometime between 6:00 and 8:30 p.m. on June 13, 1987, and 10:00 a.m. on June 14, 1987, the Campbells’ home was burglarized. The police investigated the crime and removed several fingerprints. Ms. Mayeaux discovered a shirt at the crime scene which she suspected belonged to her daughter’s boyfriend. Ms. Mayeaux testified that she removed the shirt and took it to her daughter, who identified it as the shirt she bought for her boyfriend. Ms. Mayeaux also testified that she slipped and mentioned the fact that her parents were out of town to her daughter. May-eaux’s daughter, Patricia Stevens, testified that her boyfriend had loaned his brother, the defendant, the shirt discovered at the crime scene. William Delahoussaye, the police fingerprint expert, testified that he compared the prints removed from the Campbells’ burglarized home with those of defendant, and the prints were the same.
ASSIGNMENT NO. 2
Defendant contends that the trial court erred in refusing to allow his mother, Shirley Joubert, to testify on his behalf after she violated the sequestration rule. At the outset of the trial, the defense asked for and obtained an order of sequestration of the witnesses. Defendant did not call Shirley Joubert as a witness at that time. During presentation of the State’s case, defense counsel called the trial judge’s attention to the fact that Mrs. Joubert was present in the courtroom and that he might call her as a witness. An off-record discussion took place between parties’ counsels and the trial judge. Later, during the presentation of its case in chief, defendant attempted to call Mrs. Joubert to testify. Defendant proposed to have Mrs. Joubert testify as to defendant’s whereabouts at the time the crime was committed. The State objected to her testifying on the ground that she had been present in the courtroom during the trial in violation of the court’s sequestration order. The trial judge determined that it would be incorrect to allow her to testify because she heard the opening statements and the testimony of two of the State’s witnesses regarding the time the crime was committed. The court also noted that Mrs. Joubert was not a witness who defendant’s counselor discovered at the last minute. Shirley Joubert was disqualified from testifying.
In State v. Warren, 437 So.2d 836 (La.1983), the court was faced with a similar situation and set forth the following discussion of the applicable law:
La.C.Cr.P. art. 764 provides the rule for the sequestration of witnesses:
Upon its own motion the court may, and upon the request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
[6] The purpose of sequestration is to assure that a witness will testify from his own knowledge of the case without being influenced by the testimony of pri- or witnesses, and to strengthen the role of cross-examination in developing the facts. State v. Armstead, 432 So.2d 837 *93 (La.1983); State v. Kimble, 407 So.2d 693 (La.1981).
[7-9] La.C.Cr.P. art. 764 vests discretion in the trial judge to disqualify a witness when a rule of sequestration has been violated. State v. Kimble, 407 So.2d 693 (La.1981); State v. Boutte, 384 So.2d 773 (La.1980). Ordinarily, the trial judge’s ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Kimble, 407 So.2d 693 (La.1981); State v. Boutte, 384 So.2d 773 (La.1980). However, there are constitutional limitations on the trial judge’s exercise of his discretion. State v. Boutte, 384 So.2d 773 (La.1980); State v. Jones, 364 So.2d 530 (La.1978). When the exclusion is of a defense witness, the defendant’s right to compel the attendance of witnesses and to present his defense may be impaired. La. Const. art. 1, § 16; State v. Armstead, 432 So.2d 837 (La.1983); State v. Jones, 354 So.2d 530 (La.1978). In State v. Jones, 354 So.2d 530, 532 (La.1978), this court recognized that:
Although our jurisprudence allowing trial judges to enforce sequestration pursuant to La.C.Cr.P. art. 764 by excluding testimony of disobedient witnesses does reflect a legitimate state interest in preventing testimonial influence that interest is not sufficient to override the defendant’s rights to have compulsory process and to present a defense under either the federal or the state constitution.
We then followed Braswell v. Wainwright, 463 F.2d 1148 (5th Cir.1972) and held that exclusion of a witness’ testimony, in the absence of a sequestration violation with the consent connivance, procurement or knowledge of the defendant or his counsel, is constitutionally impermissible. State v. Jones, 354 So.2d 530 (La.1978). See also, State v. Armstead, 432 So.2d 837 (La.1983); State v. Boutte, 384 So.2d 773 (La.1980).
The trial judge in this case excluded the testimony of Shirley Joubert solely because she was present in court during the testimony of two State witnesses who testified as to the time the crime was committed. The defense counsel drew the court’s attention to the fact that Mrs. Joubert, a witness he may call, was present in the courtroom during the presentation of the State’s case. At this point an off-record discussion was held between the two attorneys and the trial judge. For this reason, the record does not reflect whether her presence in court was with the defense counsel’s or defendant’s consent, connivance, procurement or knowledge. However, given the facts that an off-record discussion did take place and that the trial court’s ultimate reason for excluding Shirley Joubert’s testimony was not that defendant or his attorney knew of her presence in court, but rather solely because of her presence in court, we assume the trial court found no knowing violation of the sequestration order.
We also note that defense counsel did not expressly preserve for the record the fact that Shirley Joubert’s testimony was to account for defendant as of the time the crime took place. However, both the defendant and the State state this explicitly in their appellate briefs and these statements are supported in the record by the trial judge’s reason for disqualifying Mrs. Joubert as a witness — that she was present in court during the testimony of two State witnesses who testified as to the time the crime was committed.
Neither the trial court nor this court have found the subject of Mrs. Joubert’s proposed testimony to be merely cumulative or corroborative. The State’s case relies substantially on the fact that no witness was able to account for defendant’s whereabouts at the time the crime was committed. Mrs. Joubert’s testimony will allegedly be as to the defendant’s whereabouts at the time the crime was committed, thus substantially aiding the defense. Therefore, the effect of the trial court’s exclusion was to prevent defendant from asserting his defense, depriving him of a fair trial. See State v. Shoemaker, 500 So.2d 385 (La.1987). Thus, the exclusion of Shirley Joubert as a defense witness was constitutionally impermissible. We believe that a better remedy would have been a *94 finding of contempt for violation of the sequestration order and allowing the violation to go to the witness’s credibility and the weight to be given to her testimony. See Sullivan, F.C., Criminal Trial Procedure, 45 La.L.Rev. 268, 283 (1984); Joseph, C.C., Criminal Trial Procedure and Post-conviction Procedure, 39 La.L.Rev. 933, 938 (1979), Pugh, G.W. and McClelland, J.R., Evidence, 39 La.L.Rev. 955, 973 (1979).
DECREE
Accordingly, for the reasons assigned, the conviction and sentence are reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.