GOTHARD, Judge.
Defendant, Troy A. Smith, appeals his conviction and sentence on a charge of possession, with intent to distribute, cocaine in violation of LSA-R.S. 40:967. We affirm.
On April 20, 1990 a bill of information was filed charging the defendant with the drug law violation. Defendant pled not guilty at his arraignment and the matter was set for trial. At the conclusion of that trial the jury returned a unanimous verdict of guilty as charged. Subsequently, the defendant was sentenced to serve fifteen years at hard labor. A timely appeal was filed.
FACTS
On March 19, 1990, Detective William Cambre of the Gretna Police Department received a tip from a confidential informant that the defendant, Troy Smith, planned to sell a quantity of cocaine that evening. The informant, who had previously provided the police with reliable information about illegal drug transactions, advised Detective Cambre that the defendant would be selling the cocaine from his automobile in the parking lot of a Gretna apartment complex. The informant also gave Detective Cambre a description of the defendant’s automobile.
Acting on the informant’s tip, Detective Cambre and a fellow narcotics officer set up surveillance of the location where the defendant was supposed to be selling drugs. The officers parked their un *362 marked police car near the parking lot of the apartment complex and observed the defendant standing behind his vehicle. A man and a woman approached the defendant and then the woman got into the passenger side of the vehicle while the defendant got into the driver’s side. The man then walked over toward the woman while she was seated in the vehicle and ultimately removed something from his pocket which he exchanged for a small object the woman handed him. Shortly thereafter, the woman exited the vehicle and departed with the man. The defendant returned to the rear of his vehicle at that point.
The officers next observed a man walk up to speak with the defendant. The defendant removed a matchbox from the automobile and handed it to the man, who opened the matchbox and appeared to be counting its contents. Once he had completed counting the contents, the man gave the defendant some cash, kept the matchbox and walked away.
The confidential informant then approached the defendant and got into the car with him. A few moments later, the informant parted company with the defendant, went to a pay phone and called Detective Cambre on the portable telephone in the unmarked police car. The informant confirmed to Detective Cambre that the defendant was selling crack cocaine packaged in matchboxes. He also advised the undercover officer that the defendant anticipated making a large drug sale to a woman shortly. Consistent with the informant’s prediction, a woman soon arrived and got into the defendant’s vehicle with him. Upon observing this, the officers moved in and arrested the defendant. Three matchboxes were found during a search of the defendant’s vehicle after the arrest. One of the matchboxes contained a white powdery residue and the other two matchboxes contained a total of 71 crystals later determined to be crack cocaine. The officers also found a small caliber semiautomatic pistol in the trunk of the vehicle. The defendant was discovered to be carrying a beeper and $516.00 in cash on his person. At trial, the defendant presented alibi witnesses and took the witness stand himself to deny any illegal drug activity. The jury refused to accept the defendant’s version and unanimously convicted him of possession of cocaine with intent to distribute.

Assignment of Error Number One.

By his first assignment of error the defendant asserts that the trial court erred in allowing a police witness to offer an opinion on defendant’s guilt. The testimony in question occurred during direct examination of Detective William Cambre. Detective Cambre described the scene he witnessed during the surveillance of the defendant. The undercover officer testified that the defendant and a woman got into the front seat of defendant’s car. Shortly afterward, the man who was with the woman walked over to the passenger side of the car and received a small object from the woman. The man examined the object and returned it to the woman. According to Detective Cambre the woman then handed a second small object to the man. After examining this object carefully, the man placed it in his pocket. The man withdrew something from another pocket and gave it to the woman. With that testimony in place, the following exchange occurred between the prosecutor and Detective Cam-bre:
Prosecutor: “Based on your experience, Detective, what did that activity indicate to you?”
Detective Cambre: “It appeared to be a narcotics transaction.”
At that point in the trial, the defense objected and moved for a mistrial arguing that this testimony constituted inadmissible evidence of other crimes in violation of LSA-C.E. art. 404. As grounds for a mistrial, the defense contended that Detective Cambre’s testimony referred to the crime of distribution of cocaine, a criminal offense different from the charge against the defendant of possession of cocaine with intent to distribute. The defense also noted for the record that the state had failed to provide the defendant with written notice of its intent to introduce other crimes *363 evidence, as required by State v. Prieur, 277 So.2d 126 (La.1973); see also LSA-C.E. art. 1103. After hearing arguments the trial court overruled the objection and denied a mistrial, concluding that the challenged testimony was admissible under LSA-C.E. art. 404 B as evidence of criminal system, knowledge and intent.
On appeal defendant argues that in his testimony Detective Cambre expressed an impermissible opinion as to the defendant’s guilt in violation of LSA-C.E. art. 704. That ground was not stated in defendant’s objection to the testimony at trial.
To preserve the right to seek appellate review of an alleged trial court error, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. LSA-C.Cr.P. art. 841. In the present case, the defendant timely objected to the trial court ruling he now challenges; however, on appeal he asserts grounds for that challenge which completely differ from the grounds specified at trial. The Louisiana Supreme Court and this court have consistently interpreted article 841 of the Louisiana Code of Criminal Procedure as limiting the grounds for an objection to those articulated at trial. State v. Clayton, 427 So.2d 827, 834 (La.1982) (on rehearing); State v. Myers, 584 So.2d 242, 255 (La.App. 5th Cir.1991); writ denied, 588 So.2d 105 (La.1991). The article disallows raising new grounds for an objection, even if meritorious, for the first time on appeal. Id.
The defendant’s reliance on State v. Shoemaker, 500 So.2d 385 (La.1987) is misplaced. In that case, the appellate court refused to consider a defense contention that certain trial testimony by the defendant, which the trial court excluded as hearsay, was admissible under the res ges-tae exception to the hearsay rule.[1] The appellate court found that the defendant’s response to the trial court’s ruling was not sufficient to preserve the matter for appeal. However, the Louisiana Supreme Court disagreed with that finding and held that the defense action in the trial court was sufficient to entitle the defendant to appellate review of the trial court ruling, Shoemaker, supra at 388-89. Unlike the defendant in this case, the defendant in Shoemaker maintained the same grounds for his objection before both the trial court and the appellate court. Citing LSA-C.Cr.P. art. 841, the Louisiana Supreme Court observed in Shoemaker that “it is sufficient that a party, at the time of the ruling, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, together with the grounds therefor.” Shoemaker, supra at 388 (emphasis supplied).
Nonetheless, we will review the merits of defendant’s claim in the interest of judicial economy. The defendant’s contention that Detective Cambre’s trial testimony included the officer’s opinion as to the defendant’s guilt, in violation of LSA-C.E. art. 704, relies heavily on State v. Wheeler, 416 So.2d 78 (La.1982). The defendant’s reliance on that decision is also misguided. In Wheeler, the Louisiana Supreme Court ruled it improper for the prosecutor to ask a police officer testifying at trial for an opinion about the defendant’s guilt, after the prosecutor posed a hypothetical situation for the officer to consider in reaching his opinion. In the present case, the prosecutor neither posed a hypothetical situation nor asked for Detective Cambre’s opinion. Rather, the undercover officer in this case testified about his personal observations made during the surveillance of the defendant’s activities prior to arrest. The prosecutor then asked Detective Cambre if those personal observations indicated anything to him, based on his experience as a police officer. Detective Cambre responded that, after observing the activity, he concluded that a narcotics transaction involving the defendant had occurred. During an earlier portion of his direct examination, Detective Cambre testified that he had made narcotics arrests “well into the hundreds” as a police officer. The state did not qualify Detective Cambre as an expert witness, nor was it necessary for him to be qualified as an expert to give *364 the testimony here challenged. The conclusion stated by Detective Cambre was a reasonable inference drawn from his personal observations and experience as a narcotics officer. State v. Haynes, 514 So.2d 1206 (La.App. 2d Cir.1987). Article 701 of the Louisiana Code of Evidence permits a witness to express inferences “which are rationally based on the first-hand perceptions of the witness and are helpful in understanding the witness’s testimony or in resolving a factual matter at issue.” State v. Clayton, 570 So.2d 519, 525 (La.App. 5th Cir.1990). This assignment of error lacks merit.
In his second assignment of error the defendant argues that his sentence is excessive. The defendant received a sentence of fifteen years for conviction of a crime which carries a penalty range of not less than five nor more than thirty years and a possibility of a fine of not more than $15,000.00. LSA-R.S. 40:967 B(1).
In sentencing the defendant, the trial judge referred to his general review of the Article 894.1 guidelines. He also noted that he had read the Louisiana Department of Public Safety and Corrections pre-sen-tence investigation report on the defendant. While the trial judge observed that this was the defendant’s first felony, the judge further recognized the seriousness of this narcotics offense, as well as the defendant’s “apparent attitude.” The pre-sen-tence investigation report substantiates the trial judge’s reference to the defendant’s “apparent attitude.” In the Offender’s Statement of that report, the defendant steadfastly denied his guilt, even after he had been convicted unanimously by a jury. The defendant still maintained that he had been “set up” for this conviction. Although the Department of Public Safety and Corrections recommended that the trial court consider placing the defendant on supervised probation, that recommendation seems inconsistent with the rather large quantity of cocaine involved in this case and the defendant’s recalcitrant attitude.
Considering the entire record in this matter, we find no abuse of the trial court’s broad sentencing discretion in this matter. State v. Kidd, 568 So.2d 175 (La.App. 2d Cir.1990).
In his final assignment of error the defendant notes that the sentence imposed by the trial court fails to afford credit for time served. Neither the transcript nor the sentencing form issued in this case reflect that credit for time previously served was given defendant. LSA-C.Cr.P. art. 880 requires the sentencing court to allow credit for time already served by the defendant. Consequently, we amend the sentence to give credit for time served.
For the foregoing reasons, the conviction is affirmed and the sentence is affirmed, but amended to include credit for time served.
AMENDED AND AFFIRMED AS AMENDED.

. State v. Shoemaker, 488 So.2d 1084 (La.App. 2d Cir. 1986).